John Scott CARPENTER, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–88–01345–CR, 05–88–01346–CR.

Court of Appeals of Texas,
Dallas.

Nov. 28, 1989.

Richard A. Anderson, Dallas, for appellant.

Kathleen Walsh, Dallas, for appellee.

Before HOWELL, BAKER and BURNETT, JJ.

## OPINION

HOWELL, Justice.

John Scott Carpenter was convicted after a bench trial of two cases of indecency with a child. Punishment was assessed by the court at two years' confinement in one case and at ten years' confinement in the other. In his sole point of error, appellant contends that the punishment failed to meet the objective of rehabilitation and was, therefore, unduly harsh, cruel, and unusual. We disagree and affirm the trial court's judgments.

■ In appellant's first conviction for indecency with a child, appellant was found guilty of engaging in sexual contact with the child, which is a second degree felony. TEX. PENAL CODE ANN. § 21.11(d) (Vernon 1989). The available range of punishment for a second-degree felony is confinement for not more than twenty years or less than two years, and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.33 (Vernon 1974). Appellant was sentenced to two years' confinement and payment of a $750 fine. Appellant was then granted shock probation and placed on probation for a period of three years. Appellant's probation was revoked and punishment was assessed at two years' confinement.

In appellant's second conviction for indecency with a child, he was found guilty of having exposed his genitals to a child with the intent to arouse and gratify his sexual desire, which is a third degree felony. TEX. PENAL CODE ANN. § 21.11(d) (Vernon 1989). The statutory range of punishment for a third degree felony is confinement for not more than ten years or less than two years, and a fine not to exceed $5,000. TEX. PENAL CODE ANN. § 12.34 (Vernon 1974). Appellant's punishment was assessed at ten years' confinement.

Appellant concedes that the punishment assessed in each case was within the statutory range of punishment. He alleges, however, that the punishments assessed did not comport with the objectives of the Texas Penal Code, i.e., deterrence, rehabilitation, and prevention, TEX. PENAL CODE ANN. § 1.02(1) (Vernon 1974), because the evidence showed that appellant had received treatment for his pedophilia and was participating in a sex offenders program that had a very high success rate.

■ Punishment assessed within the range of punishment authorized by statute is not cruel or unusual and does not render

the sentences excessive. *See McNew v. State*, 608 S.W.2d 166, 174 (Tex.Crim.App. [Panel Op.] 1978); *Thorn v. State*, 651 S.W.2d 39, 41 (Tex.App.—Dallas 1983, pet. ref'd). This rule pertains even when evidence in mitigation of punishment is introduced. *See, e.g., Bonfanti v. State*, 686 S.W.2d 149, 153 (Tex.Crim.App.1985) (evidence that defendant was first offender, victim suffered no serious bodily injury, and defendant's family would be on welfare if he were confined); *Servin v. State*, 745 S.W.2d 40, 41 (Tex.App.—Houston [14th Dist.] 1987, no pet.) (evidence that defendant committed no act of violence toward burglary complainant and had no prior convictions); *Cadieux v. State*, 711 S.W.2d 92, 95 (Tex.App.—Austin 1986, pet. ref'd) (evidence that defendant was high school graduate, had honorable military record, and was eligible for probation); *Combs v. State*, 652 S.W.2d 804, 806 (Tex. App.—Houston [1st Dist.] 1983, no pet.) (evidence that defendant eligible for probation and if admitted to probation would abide by the terms of probation and would not constitute a continuing threat to society). Because the punishment assessed appellant in each case was within the limits authorized by law, we overrule his point of error and affirm the trial court's judgments.