Johnson-AL v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-072-CR

     ALBERT LEWAYNE JOHNSON,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 363rd District Court
Dallas County, Texas
Trial Court # F93-71212-HW
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Johnson appeals from his conviction for aggravated robbery, for which he was
sentenced to twenty-five years in the Texas Department of Criminal Justice.
      Appellant was indicted for the aggravated robbery of Harrison Jackson. Appellant pled guilty
but elected to have the jury return the verdict of guilt and to assess punishment. The trial court
instructed the jury to find Appellant guilty and the jury did so find. The jury thereafter assessed
punishment at twenty-five years in prison.
      At about 7:00 p.m. on December 28, 1993, the victim, Harrison Jackson, was walking from
a bus stop to his mother's house when a brown Cadillac pulled up beside him. Appellant, who
was driving, said, "Do you know a girl named Tonya?", to which Jackson answered, "No, I
don't." Then Appellant pulled out a gun and told Jackson to hand over his coat and wallet. 
Jackson handed over his coat and $59, and Appellant drove away. Jackson got the license number
of the Cadillac, walked home, gave the license number to his mother, and told her what had
happened. She called the police and within thirty minutes they found Appellant. The police
picked up Jackson, and took him to the place where they had stopped Appellant. Jackson
identified Appellant, his coat, and the $59 taken from him. The police also found the gun in the
pocket of the car.
      Defendant pled guilty, admitted that on February 16, 1993, he was convicted as a juvenile for
assault and placed on probation for one year. He also admitted he had been charged with criminal
trespassing. Appellant was assessed a prison term of twenty-five years by the jury.
      Appellant appeals on four counts of error.
      Points one and two: "The trial court erred by overruling Appellant's objection to a line of
questioning that constituted evidence of an impermissible extraneous offense or transaction" and
"constituted impeachment on a collateral matter."
      Appellant testified in his own behalf. During cross-examination by the State, the following
occurred:
Q.Mr. Johnson, you said you never robbed anybody before. Isn't it true that you
robbed somebody five minutes before you robbed Harrison Jackson?
[DEFENSE COUNSEL]: I'm going to object.
THE COURT: Overruled.
Q.Isn't it true?
A.No, I did not.
Q.Isn't it true that you pointed that same gun at another person five minutes before? 
They ran away, and you shot at that person six times?
A.No, I did not.
Q.Until you ran out of bullets?
      A.  No.
Q.And that's why you didn't have any bullets, isn't that true?
[DEFENSE COUNSEL]: I'm going to object. Unless he has some evidence
and can bring somebody else, making a wild accusation like that - -
THE COURT: I'm assuming that what she's trying to do.
Q.Isn't that true?
A.No.
      Appellant argues that the above questioning was improper because (1) it introduced evidence
of an inadmissible extraneous offense, and (2) it impeached Appellant on a collateral matter.
      On direct examination Appellant opened the door to the line of questioning complained of:
Q.Well, you say you committed the crime foolishly. What can you tell this jury to
make them believe you won't do something else foolishly?
A.My deepest sympathy goes out to Mr. Jackson. Because I've never robbed anyone
until this day. I have been robbed myself before and the person was never caught.
Q.And you're committing crime in your own neighborhood?
A.Really, that's the only crime that I have ever committed, you know, I've never
committed any other crime, stealing, or taking anything from anybody.
(Emphasis added).
      An accused who initiates evidence of specific conduct at the punishment phase, or shows in
the first instance that he has never been in "trouble" before, has opened the door to rebuttal
evidence which may include proof of specific bad acts. Hammett v. State, 713 S.W.2d 102, 105
(Tex. Crim. App. 1986); Murphy v. State, 777 S.W.2d 44, 67 (Tex. Crim. App. 1988).
      Appellant specifically testified he had never committed robbery before and that this robbery
was the only crime he had ever committed. When Appellant gave this testimony he had not yet
testified about his conviction as a juvenile or his criminal trespass charge. By stating falsely, that
he had not committed any crimes, other than the instant offense, Appellant opened the door to
evidence that he attempted another robbery just before this one. Heckert v. State, 612 S.W.2d
549, 551-52 (Tex. Crim. App. 1981).
      Moreover Appellant committed this offense in December 1993, and therefore the State was
entitled to present evidence of extraneous offenses. Effective September 1, 1993, Article 37.07
of the Texas Code of Criminal Procedure was amended to expressly permit the admission of
unadjudicated extraneous offenses into evidence at the punishment phase, notwithstanding the
Texas Rules of Criminal of Evidence, and regardless of whether the defendant has been charged
with or convicted of the crime or act.
      Article 37.07, § 3(a), provides:
Regardless of the plea and whether the punishment is assessed by the judge or
the jury, evidence may be offered by the State and the defendant as to any
matter the court deems relevant to sentencing, including but not limited to the
prior criminal record of the defendant, his general reputation, his character, an
opinion regarding his character, the circumstances of the offense for which he
is being tried, and notwithstanding Rules 404 and 405, Tex. R. Crim. Evid.,
any other evidence of an extraneous crime or bad act that is shown, beyond a
reasonable doubt, by evidence to have been committed by the defendant for
which he could be held criminally responsible, regardless of whether he had
previously been charged with or finally convicted of the act.
(Emphasis added). A statement of Appellant's co-defendant shows that this extraneous offense
occurred.
      Points one and two are overruled.
      Points three and four: "The punishment assessed violates Appellant's constitutional rights
under U.S. Const. Amend. VIII and Amend. XIV," and "violates Appellant's rights under the
Tex. Const., Art. I, § 13, as it is grossly disproportionate to the crime."
      Setting penalties or lengths of prison terms for offenses is properly within the province of the
legislature, not the courts. Harmelin v. Michigan, 111 S.Ct. 2680, 2683, 115 L.Ed.2d 836, 867
(1991). The legislature has authority in setting punishment ranges, and the trial courts have great
discretion in assessing punishment. Solem v. Helm, 463 U.S. 277, 290 (1983).
      Punishment assessed within the range of punishment authorized by statute is not cruel or
unusual, and does not render the sentence excessive. McNew v. State, 608 S.W.2d 166, 174 (Tex.
Crim. App. 1978); Carpenter v. State, 783 S.W.2d 232, 233 (Tex. App.—Dallas 1989, no pet.).
      Appellant was convicted of aggravated robbery, which is a first degree felony. Tex. Penal
Code Ann. § 29.03(b). The punishment is five to ninety-nine years, or life, plus a fine up to
$10,000. Tex. Penal Code Ann. § 12.32. Appellant was sentenced to twenty-five years, and
was not fined. Appellant had placed a gun to the victim's head and forced him to hand over his
coat and money. The victim thought Appellant was going to shoot him and saw his life flash
before his eyes. The twenty-five-year sentence imposed was twenty years above the minimum and
seventy-four years below the maximum. It was not life and no fine was assessed.
      The sentence imposed was at the lower range of punishment and is not disproportionate to
Appellant's crime.
      Points three and four are overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Thomas,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed July 19, 1995
Do not publish