**Affirm and Opinion Filed November 6, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01207-CR

**LAWRENCE DWAYNE ANTHONY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-15122-W**

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Myers
Opinion by Justice Francis

Lawrence Dwayne Anthony appeals his conviction for aggravated robbery with a deadly weapon. After appellant entered an open plea of guilty, the trial court found him guilty and assessed punishment at fifteen years in prison. In two issues, appellant claims the trial court abused its discretion by sentencing him to a term of imprisonment and there is insufficient evidence to support the trial court's order that appellant pay court costs. We affirm.

Appellant first argues the trial court abused its discretion by sentencing him to imprisonment because this punishment violates the objectives of the penal code. Appellant asserts the sentence is merely punitive and does not address his longstanding drug addiction and mental health issues. The State contends appellant failed to preserve this issue for appellate

review and, alternatively, argues the record does not show the sentence violates the objectives of the penal code.

Appellant did not complain about the sentence either at the time it was imposed or in a motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.) (record must show appellant made timely request, objection, or motion for error to be preserved for appeal). Thus, appellant has not preserved his issue for our review.

Moreover, as a general rule, punishment that is assessed within the statutory range for an offense is not excessive or unconstitutionally cruel or unusual and complies with the objectives of the Texas Penal Code. *Castaneda*, 135 S.W.3d at 723; *Carpenter v. State*, 783 S.W.2d 232, 232–33 (Tex. App.—Dallas 1989, no pet.). Appellant was indicted for aggravated robbery with a deadly weapon, a first-degree offense with a punishment range of not more than 99 years or less than 5 years and an optional fine of $10,000. *See* TEX. PENAL CODE ANN. §§ 12.32, 29.03 (West 2011). Although no enhancements were alleged, during punishment, the State introduced evidence of appellant's ten prior convictions. The fifteen-year sentence assessed in this case is well within the statutory range for a first-degree felony offense. Under these circumstances, we cannot conclude the trial court abused its discretion in sentencing appellant to imprisonment. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (sentence within proper range of punishment will not be disturbed on appeal). We overrule appellant's first issue.

In his second issue, appellant claims there is insufficient evidence to support the trial court's order that appellant pay court costs. The clerk's record in this case did not contain a copy of the bill of costs and appellant's designation of record on appeal did not specifically request that a copy of the bill of costs be included. Because appellant complained that the clerk's record did not contain a bill of costs, we ordered the Dallas County District Clerk to file a supplemental

record containing the certified bill of costs associated with this case, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1). To the extent appellant complains the evidence is insufficient to support the imposition of costs because the clerk's record did not contain a bill of costs, this complaint is moot. *See Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). We overrule his sole issue.

In response to the Court's order requiring supplementation of the record, appellant filed objections that the bill of costs in the supplemental clerk's record is not a "proper bill of costs" and was not filed in the trial court or brought to the trial court's attention before costs were entered in the judgment.

We previously have addressed these issues. *See Coronel v. State*, 05-12-00493-CR, 2013 WL 3874446, at *4–5 (Tex. App.—Dallas July 29, 2013, no pet. h.). In *Coronel*, we concluded the "Bill of Costs Certification," certified and signed by the district clerk, was sufficient to meet the mandate of the code of criminal procedure. *Id*. at *4. Likewise, in this case, the supplemental record contains a Bill of Costs Certification, certified and signed by the district clerk, listing the costs associated with this case. Because this document meets the mandate of the code of criminal procedure, we overrule appellant's objection that the bill of costs is not "proper."

In his second complaint, appellant argues there is no indication the bill of costs was filed in the trial court or brought to the trial court's attention before costs were entered in the judgment. In *Coronel*, we noted that nothing in the code of criminal procedure or the statutes addressing the assessment of costs against defendants requires that a bill of costs be presented to the trial court at any time before judgment. *Id*. at *5. We concluded that court costs are mandated by statute and "are not subject to approval or authorization by the trial court. Likewise, the code does not require the bill of costs be filed at the time the trial court signs the

judgment of conviction [but] only requires a bill of costs be produced if a criminal case is appealed or costs are collected." *Id.* Because there is no requirement that the costs be presented to the trial court, we conclude appellant's second objection to the supplemented record lacks merit. We overrule his objections to the supplemented record.

We affirm the trial court's judgment.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121207F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

LAWRENCE DWAYNE ANTHONY,
Appellant

No. 05-12-01207-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F11-15122-W.
Opinion delivered by Justice Francis,
Justices FitzGerald and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 6th day of November, 2013.

/Molly Francis/
MOLLY FRANCIS
JUSTICE