**AFFIRM; and Opinion Filed November 12, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-12-00987-CR**

**CHARLES EDWARD WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F12-54675-K**

**MEMORANDUM OPINION**

Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice Lang-Miers

Appellant Charles Edward Williams pleaded guilty, without a plea bargain, to the offense of theft and executed a judicial confession admitting to the offense. The trial court found appellant guilty and assessed his punishment at two years in state jail and a $750 fine. In two issues on appeal, appellant argues that the trial court abused its discretion by sentencing appellant to two years' imprisonment and argues that there was not sufficient evidence in the record to support the court's order that appellant pay $219 in court costs. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

**PUNISHMENT**

Appellant pleaded guilty to theft of property valued under $1,500. *See* TEX. PENAL CODE ANN. § 31.03 (West Supp. 2012). The State introduced into evidence, without objection, appellant's judicial confession and stipulation of evidence relating to the theft in this case and of two prior theft convictions. Appellant's two prior theft convictions enhanced the offense to a state jail felony. *See id.* § 31.03(e)(4)(D).

In his first issue, appellant argues that the trial court abused its discretion by sentencing appellant to a term in state jail because the punishment does not meet the objectives of the penal code. Appellant argues that the sentence is "merely punitive" and does not "meet the objective of rehabilitation" or "address Appellant's drug addiction." The State argues that appellant failed to preserve this issue for appellate review and, alternatively, that the record does not demonstrate that the trial court abused its discretion by violating the objectives of the penal code in assessing appellant's prison sentence. We agree with the State.

A defendant must make a timely request or motion in the trial court to preserve alleged error. TEX. R. APP. P. 33.1(a)(1); *see Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). Here, in response to the court's question whether there was any reason appellant should not be sentenced, his counsel answered, "No, sir." He did not object after sentencing.

Nevertheless, appellant argues that he preserved his complaint for appellate review. Appellant first argues that he was not required to state a specific objection to the punishment at the time it was pronounced because the objection or ground for appeal was apparent from the context. *See* TEX. R. APP. P. 33.1(a)(1)(A) (stating that, to preserve complaint for appellate review, record must show that complaining party stated grounds for the ruling sought from the trial court "unless the specific grounds were apparent from the context"). Appellant contends

that, because he pleaded guilty and asked the court for probation on the condition that he complete a drug treatment program, the "only real issue" before the trial court was whether the court should sentence appellant to imprisonment or place him on probation. Appellant argues that, under these circumstances, an objection "to the exact terms of years assessed was unnecessary and would have been redundant." Appellant cites three cases to generally support his argument that under certain circumstances an objection is not required to preserve a ground for appellate review. *Montgomery v. State*, 99 S.W.3d 257, 259–60 (Tex. App.—Fort Worth 2003, pet. struck) (sua sponte withdrawal of plea where innocence raised); *Edwards v. State*, 21 S.W.3d 625, 626–27 (Tex. App.—Waco 2000, no pet.) (deadly weapon finding); *Garza v. State*, 841 S.W.2d 19, 23 (Tex. App.—Dallas 1992, no pet.) (order of restitution). But those cases do not apply to the facts in this case.

Appellant also cites *Hernandez v. State*, 268 S.W.3d 176, 184 (Tex. App.—Corpus Christi 2008, no pet.), and *Jaenicke v. State*, 109 S.W.3d 793, 795–96 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd), for the contention that at least two Texas courts "have specifically held that fundamental error in punishment, such as the failure to consider the full range of punishment, can be raised, under certain circumstances for the first time on appeal." But neither *Hernandez* nor *Jaenicke* apply here. The *Hernandez* court concluded that a defendant could complain for the first time on appeal "about a trial court's refusal . . . to consider the full range of punishment—so long as the trial judge's conduct is so egregious as to deem the judge biased on the matter of punishment." 268 S.W.3d at 184. Similarly, the court in *Jaenicke* discussed an accused's due process right to a "neutral and detached judicial officer" and noted that a court's arbitrary refusal to consider the entire range of punishment would constitute a denial of due process. 109 S.W.3d at 796. Here, the appellant does not allege that the trial judge was biased against him or refused to consider the full range of punishment and those cases do not apply.

Lastly, appellant argues that his motion for new trial "serves as adequate preservation" because the motion stated that the verdict was contrary to the law and to the evidence and the motion argued that "the sentence assessed by the trial court violates the objectives of the system of prohibitions, penalties, and correctional measures of the Penal Code." But appellant does not cite legal authority to support his argument and presents nothing for our review. *See* TEX. R. APP. P. 38.1(i).

In summary, appellant pleaded guilty to theft of property valued at less than $1,500. Appellant also stipulated and judicially confessed that he was convicted of two prior theft offenses. The statutory range of punishment for the offense as enhanced by the two prior theft offenses is imprisonment for not more than two years or less than 180 days and an optional fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. §§ 12.35(a), (b), 31.03(e)(4)(D) (West Supp. 2012). His punishment falls within this statutory range and does not violate the objectives of the penal code. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (stating the "general rule that as long as a sentence is within the proper range of punishment it will not be disturbed on appeal"); *Carpenter v. State*, 783 S.W.2d 232, 232–33 (Tex. App.—Dallas 1989, no pet.).

## COURT COSTS

In his second issue, appellant argues that the evidence is not sufficient to support the specific amount of court costs—$219—that the court ordered appellant to pay.[1] Appellant cites *Johnson v. State*, 389 S.W.3d 513, 515–17 (Tex. App.—Houston [14th Dist.] 2012, pet. granted), to support his argument that, because the record does not contain a written bill of costs, the judgment should be reformed to delete the specific amount of court costs.

---

[1] Appellant refers at one point in his brief to the trial court's order that he pay $244 in costs, but throughout the rest of his brief, appellant refers to the court's order that he pay $219 in costs. The judgment reflects that the court ordered appellant to pay $219 in court costs.

Although the original record filed in this Court did not contain a bill of costs, on this Court's own motion, we ordered the district clerk to supplement the clerk's record with a detailed itemization of the costs assessed in the case, including specific court costs, fees, and court appointed attorney's fees. *See* TEX. R. APP. P. 34.5(c)(1) (stating that, if a relevant item has been omitted from the clerk's record, supplementation of the clerk's record allowed). The district clerk subsequently filed a supplemental clerk's record that contains two pages of a computer printout itemizing the court costs in the case and showing a total of $244 in court costs. The supplemental record also includes a bill of costs certification signed by the deputy district clerk.

Because the clerk's record now contains a bill of costs, appellant's argument that the evidence supporting costs was not sufficient because the record contained no bill of costs is now moot. *See Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, pet. filed); *Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.).

Appellant subsequently filed objections to the supplemental clerk's record. In his first objection, he argues that the computer printouts and bill of costs certification in the supplemental record do not constitute a bill of costs for purposes of code of criminal procedure article 103.001. *See* TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006). Relying on *Johnson*, 389 S.W.3d at 515 n.1, appellant contends that the "unsigned, unsworn computer printouts" do not satisfy the requirement of article 103.001 that the bill of costs be "signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." TEX. CODE CRIM. PROC. ANN. art. 103.001.

As we concluded in *Coronel*, 2013 WL 3874446, at *4, however, the code of criminal procedure requires that there be a record of costs but it does not specify the form of the bill of

costs, except that it must be certified and signed by "the officer who charged the cost or the officer who is entitled to receive payment for the cost" and that it state "the costs that have accrued" if the case is appealed.  *See* TEX. CODE CRIM. PROC. ANN. arts. 103.001, 103.006 (West 2006).  In this case, the district court filed a bill of costs certification that certifies that "the following documents constitute costs that have accrued to date" in appellant's cause.  The certification is certified and signed by the deputy district clerk.  As a result, the documents submitted meet the requirements of the code of criminal procedure for a bill of costs and appellant's argument that the documents are not "a proper bill of costs" lacks merit.

In his second objection, appellant argues that there is no evidence that the trial court considered the computer printouts or that they were brought to the court's attention before the court assessed costs in the judgment.  Appellant similarly argues that there is no evidence that the computer printouts existed at the time of judgment and, as a result, there is no evidence that the printouts constituted omitted items that were permissible to supplement the clerk's record.  *See* TEX. R. APP. P. 34.5(c) (allowing supplementation of the clerk's record if "a relevant item has been omitted from the clerk's record").  Citing the United States and Texas Constitutions, appellant contends that nothing in rule of appellate procedure 34.5(c) contemplates the creation of a document after trial that would place an additional burden upon the defendant without the defendant having notice and the opportunity to challenge that burden.  *See* U.S. CONST. amend. XIV; TEX. CONST. art. I, § 19.  But as this Court concluded recently in *Coronel*, "nothing in the code of criminal procedure or the statutes addressing the assessment of costs against defendants requires that a bill of costs be presented to the trial court at any time before judgment."  2013 WL 3874446, at *5.  Court costs "are defined and mandated by statute" and, as a result, "are not subject to approval or authorization by the trial court."  *Id.*  In addition, the code does not require that a bill of costs be filed at the time the court signs the judgment, but requires the production of

a bill of costs if a criminal case is appealed or costs are collected. *Id.* We conclude that appellant's second objection to the supplemental record lacks merit.

Given our resolution of this issue, we do not address the State's argument that, if we conclude there was no evidence to support the assessment of costs, we should reform the judgment to reflect the amount of statutorily-designated costs reflected in the record.

We resolve appellant's second issue against him.

## CONCLUSION

We resolve appellant's two issues against him and affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
Tex. R. App. P. 47

120987F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHARLES EDWARD WILLIAMS,
Appellant

No. 05-12-00987-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. F12-54675-K.
Opinion delivered by Justice Lang-Miers;
Justices O'Neill and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 12th day of November, 2013.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE