**MODIFY and AFFIRM; Opinion Filed January 22, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00852-CR

### LEROY SHERARD JACKSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-34319-T**

## MEMORANDUM OPINION

Before Justices Moseley, Lang, and Brown
Opinion by Justice Brown

Leroy Sherard Jackson entered an open plea of guilty to the charge of aggravated assault with a deadly weapon and executed a judicial confession admitting to the offense. The trial court found Jackson guilty and assessed punishment at seven years in prison. The trial court also ordered Jackson to pay $219 in court costs. In two points of error, Jackson contends the trial court abused its discretion by sentencing him to imprisonment and complains the evidence is insufficient to support the trial court's assessment of court costs. We modify the trial court's judgment to correct a typographical error and affirm the judgment as modified.

### Punishment

Jackson argues in his first point of error that the trial court abused its discretion when it sentenced him to seven years in prison because this punishment violates the objectives of the

penal code. He asserts the sentence is merely punitive and does not meet the penal code's goal of rehabilitation or address his lack of education. He maintains that consideration of the circumstances that led him to commit the offense coupled with his remorse for his actions and the fact that he had been gainfully employed while on bond, leads to the conclusion that he would be a "decent candidate for probation." He states that with proper help, he would have been successful on probation. The State responds that Jackson failed to preserve this complaint for appellate review and, alternatively, that the record does not support his claim that the trial court abused its discretion or violated the objectives of the penal code when it sentenced him to prison.

As a prerequisite to presenting a complaint on appeal, a defendant must have made a timely and specific request, objection, or motion to the trial court. TEX. R. APP. P. 33.1(a)(1)(A); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). Here, Jackson did not complain about his sentence at the time of pronouncement. Rather, in response to the trial court's question whether there was any reason he should not be sentenced, his counsel answered, "No legal reason, Your Honor."

Jackson argues that the argument raised in his motion for new trial serves as "adequate preservation" of his complaint for appeal. We disagree. Jackson's motion for new trial stated generally that "the verdict is contrary to the law and evidence." He argues that because he pleaded guilty, the "verdict" referred to in the motion was "obviously the punishment assessed" and the only issue for the trial court was the appropriate punishment. But a motion for new trial that generally complains that the verdict is contrary to the law and evidence does not preserve a complaint that the trial court abused its discretion by sentencing a defendant in violation of the objectives of the penal code. *See Rivas v. State*, Nos. 05-11-00390-CR, 05-11-00391-CR, 2012 WL 677515, at *1 (Tex. App.—Dallas Mar. 2, 2012, no pet.) (mem. op., not designated for

publication).  We therefore reject Jackson's reliance on his motion for new trial to meet his preservation requirements.  *See* TEX. R. APP. P. 33.1(a)(1)(A).

Jackson makes three additional arguments regarding preservation.  He first argues that a specific objection is not required when the basis of the objection is apparent from the context.  *See id.* (objection required unless specific grounds apparent from the context).  As support, Jackson cites *Montgomery v. State*, 99 S.W.3d 257, 259–60 (Tex. App.—Fort Worth 2003, pet. struck), *Edwards v. State*, 21 S.W.3d 625, 626 n.1 (Tex. App.—Waco 2000, no pet.), and *Garza v. State*, 841 S.W.2d 19, 23 (Tex. App.—Dallas 1992, no pet.).  None of those cases, however, involve a complaint that the punishment assessed violated the objectives of the penal code.  Nor do those cases explain how such a complaint about punishment would be apparent from the context of the case and not require an objection at trial.  *Garza v. State*, No. 05-11-01626-CR, 2013 WL 1683612, at *2 (Tex. App.—Dallas Apr. 18, 2013, no pet.) (mem. op., not designated for publication).

Jackson next asserts that under certain circumstances, issues involving "fundamental error in punishment" can be raised for the first time on appeal.  Despite this assertion, Jackson does not claim any fundamental error exists in this case.  To the contrary, he concedes the trial court assessed punishment within the statutory range for the offense.  *See, e.g.*, TEX. PENAL CODE ANN. § 29.03(a)(2), (b) (West 2011) (aggravated robbery is first degree felony); *id.* § 12.32(a) (West 2011) (punishment range between five years and ninety-nine years' or life imprisonment).  As a general rule, a sentence that is assessed within the proper range of punishment for the offense complies with the objectives of the penal code.  *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (stating general rule that sentence will not be disturbed on appeal if within proper range of punishment); *Castaneda*, 135 S.W.3d at 723–24; *Carpenter v. State*, 783 S.W.2d 232, 232–33 (Tex. App.—Dallas 1989, no pet.).

Finally, Jackson claims that a specific objection "would have served no useful purpose in this case" because when he pleaded guilty and judicially confessed, the "only real issue" before the trial court was whether to sentence him to imprisonment for a period of time within the statutory limits or place him on probation. He contends an objection to his sentence would have been redundant under these circumstances. Yet the purpose of requiring a specific objection is "to give to the trial court or the opposing party the opportunity to correct the error or remove the basis for the objection." *Martinez v. State*, 22 S.W.3d 504, 507 (Tex. Crim. App. 2000); *see also Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009). By raising this issue at trial, Jackson's objection would have provided the trial court with the opportunity to correct any error when it was in the position to do so. We conclude Jackson has failed to preserve his first point of error for our review. *See Castaneda*, 135 S.W.3d at 723 (complaint about excessive punishment not preserved for appellate review when defendant did not object at trial or raise issue in post-trial motion). We resolve Jackson's first point of error against him.

## Court Costs

In his second point of error, Jackson challenges the sufficiency of the evidence to support the trial court's assessment of $219 in court costs. He requests that we reform the judgment to delete the requirement that he pay the specific amount of court costs because the clerk's record does not contain a cost bill.

If a criminal action or proceeding is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). Costs may not be collected from the person charged with the costs until a written bill, containing the items of cost, is produced and "signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." *Id.* art. 103.001.

–4–

The original record filed in this Court did not contain a bill of costs, and appellant's designation of the record on appeal did not request that a copy of the cost bill be included in the record. Given that appellant raised a point of error concerning the costs assessed against him, we ordered the Dallas County District Clerk to prepare and file a supplemental clerk's record containing a detailed itemization of the costs assessed in this case, including specific court costs, fees, and court-appointed attorney's fees. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant item has been omitted); *see also Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.); *Ballinger v. State*, 405 S.W.3d 346, 348 (Tex. App.—Tyler 2013, no pet.) ("[W]hen a trial court's assessment of costs is challenged on appeal and no bill of costs is in the record, it is appropriate to supplement the record pursuant to Rule 34.5(c) because a bill of costs is required by Article 103.006."). The district clerk complied with our order and filed a supplemental clerk's record that contains two pages of a computer printout itemizing the costs assessed in the case and showing a total of $219 in court costs. The supplemental clerk's record also includes a bill of costs certification signed by the deputy district clerk and certified by the district clerk. Because the clerk's record now contains a cost bill that supports the costs assessed in the judgment, Jackson's complaint that the evidence is insufficient to support the imposition of costs because the record does not contain a cost bill is moot. *Franklin*, 402 S.W.3d at 895; *Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, pet. ref'd). We overrule Jackson's second point of error.

Jackson also filed an objection to the bill of costs in the supplemental clerk's record. He argues (1) the "unsigned, unsworn computer printouts" and bill of costs certification do not qualify as a proper bill of costs for purposes of code of criminal procedure article 103.001 and (2) the record does not indicate the computer printouts were filed in the trial court or brought to

the trial court's attention before the costs were entered into the judgment. We previously have addressed and overruled both of these arguments in *Coronel v. State*, 2013 WL 3874446, at \*4–5 (concluding supplemental record filed by clerk satisfies mandate of code of criminal procedure and there is no requirement that cost bill be presented to trial court at any time before judgment). Accordingly, we overrule Jackson's objection to the cost bill contained in the supplemental clerk's record.

We also note that in his original brief and his objection, appellant does not challenge the propriety or legality of the specific costs assessed. We therefore do not address those matters.

### Modification of the Judgment

Although neither Jackson nor the State raises this issue, we observe that the trial court's written judgment contains a typographical error. The judgment recites that Jackson was convicted of "AGGTRAVATED ROBBERY DEADLY WEAPON." Under rule of appellate procedure 43.2, we have the authority to correct a trial court's judgment and affirm it as modified. TEX. R. APP. P. 43.2(b); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Such authority is not dependent upon the request of any party, nor does it turn on the question of whether a party has objected in the trial court. *Asberry*, 813 S.W.2d at 529–30. Accordingly, we modify the judgment to show Jackson was convicted of "AGGRAVATED ROBBERY DEADLY WEAPON."

We affirm the trial court's judgment as modified.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

120852F.U05

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LEROY SHERARD JACKSON, Appellant

No. 05-12-00852-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas

Trial Court Cause No. F11-34319-T.

Opinion delivered by Justice Brown.

Justices Moseley and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The "Offense for which Defendant Convicted" is modified to read: "AGGRAVATED ROBBERY DEADLY WEAPON."

As modified, the trial court's judgment is **AFFIRMED**.

Judgment entered this 22nd day of January, 2014.

/Ada Brown/

ADA BROWN
JUSTICE