**Affirmed in part; Affirmed as Modified in part and Opinion Filed February 3, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-01724-CR
No. 05-12-01731-CR
No. 05-12 01732-CR

**JERMAINE COTTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F12-51603-W, F12-51604-W & F12-70036-W**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Lewis
Opinion by Justice Francis

Jermaine Cotton appeals his convictions for evading arrest, possession with intent to deliver 4 grams or more but less than 200 grams of cocaine, and arson of a habitation. Appellant waived a jury trial, entered open pleas of guilty, and signed judicial confessions in each case. The trial court accepted his pleas, found him guilty in each case, and assessed punishment, enhanced by prior felony convictions, at fifteen years in prison in each case. In three issues, appellant claims we must reverse and remand for new trial on punishment because the trial court failed to properly admonish him on the punishment range in the evading arrest case and the sentence in his possession with intent to deliver cocaine conviction was grossly disproportionate to the crime and inappropriate to appellant. In a crosspoint, the State argues the judgment is incorrect and should be reformed. We reform the judgment and affirm as reformed.

In his first issue, appellant contends the trial court failed to properly admonish him on the applicable range of punishment for his evading arrest charge. Appellant claims he was admonished on a second degree felony punishment range but was charged with a third degree felony.

A person commits the offense of evading arrest or detention if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him. TEX. PENAL CODE ANN. § 38.04(a) (West Supp. 2013). If the defendant has been previously convicted under section 38.04, this offense is a state jail felony. *Id*. § 38.04(b)(1)(A). In the trial of a state jail felony, if the State establishes that

> the defendant has previously been finally convicted of two felonies other than a state jail felony punishable under Section 12.35(a), and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a felony of the second degree.

TEX. PENAL CODE ANN. § 12.425 (West 2011).

In his evading arrest case, appellant was indicted for fleeing from T. Stoll while Stoll was attempting to arrest and detain appellant when appellant knew Stoll was a peace officer and federal special investigator. The indictment also alleged appellant had been convicted previously on May 1, 2006 of the offense of evading arrest/detention and was finally convicted of two prior felony offenses of delivery of a controlled substance on July 28, 2003 and December 21, 2000. Appellant signed a judicial confession that mirrored the indictment and admitted the offenses during his punishment hearing. Because the indictment alleged, and appellant judicially confessed to, the offense of evading arrest with a prior conviction for evading arrest as well as two prior felony convictions, the appropriate range of punishment was that of a second degree felony—not more than 20 years or less than 2 years and an optional fine not to exceed $10,000.

–2–

*See* TEX. PENAL CODE ANN. §12.33. The record reflects the trial court admonished appellant on the punishment range for a second degree felony. We overrule his first issue.

In his second and third issues, appellant claims the sentence in his possession with intent to deliver cocaine conviction was "grossly disproportionate to the crime and inappropriate to" appellant, violating the Eighth Amendment to the United States Constitution and article I, section 13 of the Texas Constitution.

Appellant did not complain about the sentence either at the time it was imposed or in a motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.) (record must show appellant made timely request, objection, or motion for error to be preserved for appeal). Even constitutional rights, including the right to be free from cruel and unusual punishment, may be waived. *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996). Under these circumstances, we conclude appellant has not preserved this issue for our review.

Moreover, as a general rule, punishment that is assessed within the statutory range for an offense is not excessive or unconstitutionally cruel or unusual and complies with the objectives of the Texas Penal Code. *Castaneda*, 135 S.W.3d at 723; *Carpenter v. State*, 783 S.W.2d 232, 232–33 (Tex. App.—Dallas 1989, no pet.). Appellant was indicted for possession with intent to deliver 4 grams or more but less than 200 grams of cocaine, a first-degree offense with a punishment range of life or a term not more than 99 years or less than 5 years and an optional fine up to $10,000. *See* TEX. PENAL CODE ANN. § 12.32; TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.112(d) (West 2010). The indictment also alleged, and appellant judicially confessed to a prior conviction for aggravated assault with a deadly weapon, raising the minimum to 15 years. *See* TEX. PENAL CODE ANN. §12.42(c)(1) (West Supp. 2013). The fifteen-year sentence assessed in this case is the minimum and under these circumstances, we cannot

conclude the trial court abused its discretion in sentencing appellant. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex.Crim.App.1984). We overrule appellant's second and third issues.

In its crosspoint, the State argues the judgment in the evading arrest case contains two errors and should be reformed. First, the judgment reflects the degree of the offense as "STATE JAIL FELONY" instead of a second degree felony. Second, the judgment reflects "N/A" in reference to the plea and findings on the second enhancement paragraph when the record reflects appellant judicially confessed and pleaded true to both enhancements. We modify the judgment in trial court cause F12-51603-W (appellate cause 05-12-01724-CR) to reflect the degree of offense of "SECOND DEGREE FELONY" and to reflect "TRUE" under the plea to and finding on the second enhancement paragraph. *See Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.— Dallas 1991, pet. ref'd) (appellate court has authority to correct trial court's judgment when it has necessary data and information to do so).

We affirm the trial court's judgments in trial court causes F12-51604-W and F12-70036-W. As modified, we affirm the trial court's judgment in trial court cause F12-51603-W.


Do Not Publish
TEX. R. APP. P. 47
121724F.U05

/Molly Francis/
MOLLY FRANCIS
JUSTICE

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JERMAINE COTTON, Appellant

No. 05-12-01724-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F12-51603-W.
Opinion delivered by Justice Francis,
Justices Lang-Miers and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Under degree of offense, we delete "STATE JAIL FELONY" and modify to show "SECOND DEGREE FELONY" and under the plea to and findings on the second enhancement paragraph, we delete "N/A" and modify to show "TRUE".

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered February 3, 2014

 

/Molly Francis/
MOLLY FRANCIS
JUSTICE

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JERMAINE COTTON, Appellant

No. 05-12-01731-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F12-51604-W.
Opinion delivered by Justice Francis,
Justices Lang-Miers and Lewis participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's judgment.

Judgment entered February 3, 2014

/Molly Francis/
MOLLY FRANCIS
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JERMAINE COTTON, Appellant

No. 05-12-01732-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F12-70036-W.
Opinion delivered by Justice Francis,
Justices Lang-Miers and Lewis participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's judgment.

Judgment entered February 3, 2014.

/Molly Francis/

MOLLY FRANCIS
JUSTICE