**AFFIRMED as MODIFIED and Opinion Filed May 11, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00257-CR**

**ANDREW ZAKEEKENNETH FLEMING, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F19-45379-R**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Garcia
Opinion by Justice Garcia

Appellant pleaded guilty to aggravated robbery. The trial court made an affirmative deadly weapon finding and assessed punishment at fifteen years in prison.

In three issues, appellant argues that: (i) the court should reduce the $25 time payment fee to $2.50 because ninety per cent of the fee is facially unconstitutional; (ii) the trial court abused its discretion in sentencing appellant to a fifteen-year term

because the punishment violates the penal code's objectives; and (iii) the judgment should be modified to reflect the correct names of the prosecuting attorneys.[1]

We reject appellant's challenge to his sentence but reduce the time payment fee and modify the judgment to reflect the correct prosecuting attorneys. As modified, the trial court's judgment is affirmed.

## I. BACKGROUND

Appellant and three others ran up to their victims in an apartment parking lot and took the victims into an apartment. Appellant was armed with a 9-millimeter handgun but claims he did not point it at anyone.[2] Appellant watched the door while the others in his group grabbed televisions.

Appellant was indicted for aggravated robbery on May 9, 2019 and pleaded guilty. The trial court made an affirmative finding that appellant used or exhibited a deadly weapon and assessed punishment at fifteen years in prison.

## II. ANALYSIS

**The Time Payment Fee**

Fees were assessed in appellant's case at $290, and an additional entry lists an installment plan fee ("IP Fee") of $25.00. Appellant's first issue challenges 90% of the IP Fee as unconstitutional. We agree.

---

[1] The State did not file a brief.

[2] Appellant's written judicial confession, however, states that he struck the complainant with the firearm.

The IP Fee is for an installment plan or time payment fee, imposed pursuant to section 133.103 of the Texas Local Government Code. *See Velasquez v. State*, No. 05-17-01214-CR, 2018 WL 6065257, at *4 (Tex. App.—Dallas Nov. 20, 2018, no pet.) (mem. op., not designated for publication). Section 133.103 imposes a $25 fee if a person convicted of a felony or misdemeanor pays any part of a fine, court costs, or restitution on or after the thirty-first day after the date on which the judgment assessing the fine, costs, or restitution is entered. TEX. LOC. GOV'T CODE ANN. § 133.103.[3] The statute directs the treasurer to allocate the $25 collected fee in three ways: subsection (b) directs that 50% is to be sent to the comptroller for deposit in the general revenue fund; subsection (c) states that 10% is to be deposited in the general fund of the county or municipality "for the purpose of improving the efficiency of the administration of justice in the county or municipality"; and subsection (d) states the remaining fees (40%) are to be deposited in the general revenue account of the county or municipality. *See id*. § (b)–(d).

Appellant does not challenge the 10% of the time payment fee that is directed to the general fund of the county or municipality "for the purpose of improving the

---

[3] The Texas Legislature passed legislation, effective January 1, 2020, that transfers Texas Local Government Code section 133.103 to Texas Code of Criminal Procedure article 102.030 and revises the statute to provide that all the fees collected under the section are "to be used for the purpose of improving the collection of outstanding court costs, fines, reimbursement fees, or restitution or improving the efficiency of the administration of justice in the county or municipality." *See* Act of May 23, 2019, 86th Leg., R.S., S.B. 346, § 2.54, 2019 Tex. Sess. Law Serv. Ch. 1352. The changes apply only to a cost, fee, or fine assessed on a conviction for an offense committed on or after the effective date of the Act. *Id*. § 5.01. Because the offense in this case was committed before January 1, 2020, the former law applies. *Id.*

efficiency of the administration of justice in the county or municipality." Rather, he challenges the remaining 90% of the fee directed to general funds by subsections (b) and (d) arguing that this portion of the fee is not being collected for a legitimate criminal purpose and violates the separation of powers provision of the Texas Constitution.

This Court has held that §§ 133.103(b) and (3) are facially unconstitutional. *See Ovalle v. State*, 592 S.W.3d 615, 618 (Tex. App.—Dallas 2020, pet. filed); (following *Johnson v. State*, 573 S.W.3d 328, 339–40 (Tex. App.—Houston [14th Dist.] 2019, pet. filed); *see also Donham v. State*, Nos. 05-19-00764-CR and 05-19-00765-CR, 2020 WL 2745257 (Tex. App.—Dallas May 27, 2020, pet. filed) (mem. op., not designated for publication) (applying *Ovalle* and modifying the judgment to reduce the total amount of court costs by $22.50 to reflect the reduction in the time payment fee from $25 to $2.50). Many of our sister courts agree. *See Simmons v. State*, 590 S.W.3d 702, 711–12 (Tex. App.—Waco Nov. 27, 2019, pet. filed); *Townsend v. State*, No. 13-18-00049-CR, 2019 WL 6205470, at *8 (Tex. App.—Corpus Christi–Edinburg Nov. 21, 2019, pet. filed) (mem. op. not designated for publication); *Kremplewski v. State*, No. 01-19-00033-CR, 2019 WL 3720627, at *2, —S.W.3d— (Tex. App.—Houston [1st Dist.] Aug. 8, 2019, pet. filed); *King v. State*, No. 11-17-00179-CR, 2019 WL 3023513, at *5–6 (Tex. App.—Eastland July 11, 2019, pet. filed) (mem. op., not designated for publication).

Based on *Ovalle*, we sustain appellant's first issue and modify the judgment to reduce the total amount of court costs by $22.50 to reflect the 90% reduction in the time payment fee.

**Punishment**

Appellant's second issue argues that the trial court abused its discretion in assessing his punishment because his sentence does not serve the objectives of the penal code.

Generally, to preserve error, an appellant must make a timely request, objection, or motion in the trial court. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). As appellant acknowledges, he did not complain about the sentence at the time punishment was imposed. Nonetheless, appellant urges that no objection was required because the basis for the objection is apparent from the record. *See* TEX. R. EVID. 103(a) (requiring an objection stating the specific ground of objection if the specific ground was not apparent from the evidence).

Appellant maintains that because he requested probation, "it is clear that he objected to any sentence." He insists that a fifteen-year sentence for a nineteen-year-old with a substance abuse problem who fully cooperated with the State does not meet the objective of rehabilitating appellant or recognize the differences in rehabilitative possibilities among offenders. But appellant cites to no case explaining

5

how this objection would be apparent from the context and not require a trial objection. We conclude that appellant has not preserved this issue for review. *See Castendada*, 135 S.W.3d at 723.

Even if appellant had preserved his complaint for our review, we would resolve it against him because we find no abuse of discretion in the sentence assessed. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (appellate court reviews sentence for abuse of discretion). Generally, punishment that is assessed within the statutory range for an offense will not be disturbed on appeal. *Id.*; *Carpenter v. State*, 783 S.W.2d 232, 232–33 (Tex. App.—Dallas 1989, no pet.) (punishment assessed within the range of punishment did not fail to comport with objectives of Texas Penal Code, i.e., deterrence, rehabilitation, and prevention).

The punishment range for aggravated robbery, a first-degree felony, is imprisonment for not more than 99 years or less than 5 years and may also include a fine not to exceed $10,000. TEX. PENAL CODE ANN. §§ 29.03, 12.32. Appellant's sentence is within, and at the lower end of this range. We resolve appellant's second issue against him.

**Modification of the Judgment**

Appellant's third issue argues that the judgment should be reformed to reflect that the State was represented by Shannon Barber and Blerta Sandman. We are authorized to reform a judgment to make the record speak the truth when we have

the necessary information to do so. *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993).

Here, the record supports the requested modification. We therefore sustain appellant's third issue and modify the judgment accordingly.

### III. CONCLUSION

We modify the judgment to reduce the total amount of court costs by $22.50 and to reflect that Shannon Barber and Blerta Sandman represented the State. As modified, the judgment is affirmed.

/Dennise Garcia/

DENNISE GARCIA
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200257F.U05

7



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ANDREW ZAKEEKENNETH
FLEMING, Appellant

No. 05-20-00257-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F19-45379-R.
Opinion delivered by Justice Garcia.
Justices Myers and Partida-Kipness
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reduce the total amount of court costs by$22.50 and to reflect that the State was represented by Shannon Barber and Blerta Sandman.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered May 11, 2021