**AFFIRMED as MODIFIED and Opinion Filed July 2, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00257-CR

### ANDREW ZAKEEKENNETH FLEMING, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 265th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F-1945379-R

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Garcia
Opinion by Justice Garcia

Appellant's June 9, 2021 motion for rehearing is denied. On the Court's own motion, we withdraw our opinion issued May 11, 2021, and vacate our judgment of that date. The following is now the opinion of the Court.

Appellant pleaded guilty to aggravated robbery. The trial court made an affirmative deadly weapon finding and assessed punishment at fifteen years in prison.

In three issues, appellant argues that: (i) the time payment fee is unconstitutional; (ii) the trial court abused its discretion in sentencing appellant to a fifteen-year term because the punishment violates the penal code's objectives; and

(iii) the judgment should be modified to reflect the correct names of the prosecuting attorneys.[1]

We reject appellant's challenge to his sentence but modify the judgment to strike the time payment fee, and to reflect the correct prosecuting attorneys. As modified, the trial court's judgment is affirmed.

## I. BACKGROUND

Appellant and three others ran up to their victims in an apartment parking lot and took the victims into an apartment. Appellant was armed with a 9-millimeter handgun but claims he did not point it at anyone.[2] Appellant watched the door while the others in his group grabbed televisions.

Appellant was indicted for aggravated robbery on May 9, 2019 and pleaded guilty. The trial court made an affirmative finding that appellant used or exhibited a deadly weapon and assessed punishment at fifteen years in prison.

## II. ANALYSIS

**The Time Payment Fee**

Fees were assessed in appellant's case at $290, and an additional entry lists an installment plan fee ("Time Payment Fee") of $25.00. Appellant's first issue challenges the Time Payment Fee as unconstitutional.

---

[1] The State did not file a brief.

[2] Appellant's written judicial confession, however, states that he struck the complainant with the firearm.

In *Dulin v. State*, 620 S.W.3d 129, 130–33 (Tex. Crim. App. 2021), the Texas Court of Criminal Appeals held that when a case is appealed, a time payment fee assessed on the date of the judgment is premature, and an appellate court must strike the fee in its entirety. *Id.* Because the time payment fee was prematurely assessed in this case, we strike the fee in its entirety. *See id.*

**Punishment**

Appellant's second issue argues that the trial court abused its discretion in assessing his punishment because his sentence does not serve the objectives of the penal code.

Generally, to preserve error, an appellant must make a timely request, objection, or motion in the trial court. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). As appellant acknowledges, he did not complain about the sentence at the time punishment was imposed. Nonetheless, appellant urges that no objection was required because the basis for the objection is apparent from the record. *See* TEX. R. EVID. Evid. 103(a) (requiring an objection stating the specific ground of objection if the specific ground was not apparent from the evidence).

Appellant maintains that because he requested probation, "it is clear that he objected to any sentence." He insists that a fifteen-year sentence for a nineteen-year-old with a substance abuse problem who fully cooperated with the State does not

3

meet the objective of rehabilitating appellant or recognize the differences in rehabilitative possibilities among offenders. But appellant cites to no case explaining how this objection would be apparent from the context and not require a trial objection. We conclude that appellant has not preserved this issue for review. *See Castaneda*, 135 S.W.3d at 723.

Even if appellant had preserved his complaint for our review, we would resolve it against him because we find no abuse of discretion in the sentence assessed. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (appellate court reviews sentence for abuse of discretion). Generally, punishment that is assessed within the statutory range for an offense will not be disturbed on appeal. *Id.*; *Carpenter v. State*, 783 S.W.2d 232, 232–33 (Tex. App.—Dallas 1989, no pet.) (punishment assessed within the range of punishment did not fail to comport with objectives of Texas Penal Code, i.e., deterrence, rehabilitation, and prevention).

The punishment range for aggravated robbery, a first-degree felony, is imprisonment for not more than 99 years or less than 5 years and may also include a fine not to exceed $10,000. TEX. PENAL CODE ANN. §§ 29.03, 12.32. Appellant's sentence is within, and at the lower end of this range. We resolve appellant's second issue against him.

**Modification of the Judgment**

Appellant's third issue argues that the judgment should be reformed to reflect that the State was represented by Shannon Barber and Blerta Sandman. We are authorized to reform a judgment to make the record speak the truth when we have the necessary information to do so. *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993).

Here, the record supports the requested modification. We therefore sustain appellant's third issue and modify the judgment accordingly.

### III. CONCLUSION

We modify the judgment to strike the time payment fee and to reflect that Shannon Barber and Blerta Sandman represented the State. As modified, the judgment is affirmed.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200257F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ANDREW ZAKEEKENNETH
FLEMING, Appellant

No. 05-20-00257-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1945379-R.
Opinion delivered by Justice Garcia.
Justices Myers and Partida-Kipness
participating.

On the Court's own motion, we **WITHDRAW** the opinion and **VACATE** the judgment of May 11, 2021. This is now the judgment of the Court.

In accordance with the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:
     to strike the time payment fee and to reflect that Shannon Barber and
     Blerta Sandman represented the State.
As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered July 2, 2021

6