**Andrew P. MITCHELL, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45228.**

Court of Criminal Appeals of Texas.

April 26, 1972.

Rehearing Denied July 12, 1972.

**222**

John D. Wennermark, San Antonio, for appellant.

Ted Butler, Dist. Atty., John Quilan and Arthur Estefan, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from an order revoking probation.

The record reflects that on October 31, 1968, the appellant entered a plea of guilty before the court to the offense of robbery by assault. The court found him guilty and assessed his punishment at confinement in the Department of Corrections for a term of five years. Imposition of sentence was suspended and appellant was placed on probation. One of the terms and conditions of probation was that he commit no offense against the laws of this or any other state, or of the United States; another term being that he pay supervisory fee in an amount set by the court.

On August 25, 1970, the state filed a motion to revoke probation alleging a viola-tion of both of the above conditions in that appellant unlawfully possessed marihuana on August 23, 1970, and had failed to pay the designated supervisory fee from January 7, 1969, through June 7, 1969.

On January 27, 1971, the appellant was found guilty by a jury on an indictment (Cause No. 70–1749) charging him with the offense of unlawfully possessing marihuana on or about August 23, 1970. After the jury's verdict of guilty was received, the court assessed punishment on February 19, 1971, at seven years. This was the subject of the appeal in Mitchell v. State, 482 S.W.2d 223 (No. 45, 229 4–19–72). The trial judge at this bifurcated trial took into consideration, in assessing punishment, the evidence produced before the jury at the guilt or innocence phase of the trial at which he presided.

Immediately thereafter, without pronouncing the judgment in that cause, the court "took up" the motion to revoke in the instant case. He inquired if the appellant desired to contest such motion and asked counsel to explain the inquiry to the appellant who thereafter stated he did not desire to contest the motion. After the appellant stated to the court that he was the same individual who had been found guilty in Cause No. 70–1749, the court revoked probation on both grounds alleged in the motion. Judgment was then pronounced in Cause No. 70–1749 and sentence was imposed following the waiver of the time in which to file a motion for new trial or in arrest of judgment. Sentence was then imposed in the instant case, both sentences being allowed to run concurrently.

On appeal, appellant contends the court abused its discretion in revoking probation since no evidence was offered at the hearing on the motion to revoke.

Article 42.12, Vernon's Ann.C.C.P., Sec. 8, provides that "after a hearing" the court "may either continue or revoke the probation" but this court has never held that it

was absolutely mandatory that the court hear evidence where at such hearing the defendant states to the court that the allegations of the motion to revoke are "true",[1] or that he is "guilty" as alleged or that he does not desire to contest the motion (nolo contendere), particularly where he is represented by counsel, has been served with a copy of the motion and indicates to the court he understands the allegations.

Undoubtedly it is by far the safer practice to always hear evidence regardless of the plea. Many a later question may be avoided. Where the plea is "true" or "guilty" the evidence is often stipulated, or the state's testimony on direct examination on a former trial may be offered by agreement or the defendant may take the witness stand and make a judicial confession.

Nevertheless, given the particular circumstances of this case, the fact that appellant did not desire to contest the revocation motion and did not object to the failure of the court to hear evidence, reversible error is not presented.

Appellant relies upon Harris v. State, 169 Tex.Cr.R. 71, 331 S.W.2d 941 (a pre-1965 Code of Criminal Procedure case). It is distinguishable. After the return of the verdict in a unitary trial before a jury the trial judge immediately, without hearing any evidence and using only the verdict which had not become the basis of a final conviction, revoked probation. Further, unlike the instant case, there was no statement that Harris did not desire to contest the revocation motion. See also Hilton v. State, Tex.Cr.App., 443 S.W.2d 844, where *Harris* was distinguished.

Finding that the court did not abuse its discretion, the judgment is affirmed.

1. In Campbell v. State, 456 S.W.2d 918 (Tex.Cr.App.1970) it was suggested that more appropriate plea to a motion to revoke probation would be "true" or "not true".