# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00083-CR

**Johnathan Lynn Godley, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
### NO. B-10-0101-SB, HONORABLE BEN WOODWARD JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Johnathan Lynn Godley pleaded guilty to sexual assault of a child. *See* Tex. Penal Code Ann. § 22.011(a)(2) (West 2011). Pursuant to a plea agreement with the State, the trial court placed Godley on deferred adjudication community supervision for eight years. Subsequently, the State filed a motion to adjudicate based on ten alleged violations of conditions of his community supervision. At the adjudication hearing, Godley entered a plea of "true" to four of the alleged violations. After receiving evidence, the trial court found seven of the alleged violations to be true, revoked Godley's deferred adjudication community supervision, adjudicated him guilty of sexual assault of a child, and sentenced him to fifteen years' imprisonment. On appeal, Godley claims that he is being denied his right to due process because he cannot challenge the sufficiency of the evidence that supports revoking his deferred adjudication, given that he pleaded true to violating some conditions of his community supervision. We affirm the judgment.

**BACKGROUND**

On June 9, 2010, Godley pleaded guilty to sexual assault of a child pursuant to a plea bargain with the State.[1] *See* Tex. Penal Code Ann. § 22.01(a)(2). The trial court found the evidence sufficient to establish guilt, but deferred a finding of guilt and placed Godley on community supervision for eight years.

Five months after Godley was placed on deferred adjudication community supervision, the State filed a motion to adjudicate guilt. The motion alleged the following ten violations of the conditions of Godley's community supervision: (1) failure to provide proof of level of formal education to supervision officer within sixty days; (2) failure to complete ten hours of community service per month; (3) failure to pay for urinalysis on seven occasions; (4) violation of curfew and not staying in residence; (5) failure to participate in sex offender therapy program; (6) failure to refrain from making contact with persons under seventeen years old; (7) going within 1,000 yards of an elementary school; (8) staying in a dwelling with a child under seventeen years old; (9) failure to notify law enforcement of change of address; and (10) failure to pay $5 monthly sex offender fee.[2]

The trial court held a hearing on the motion to adjudicate guilt. At this adjudication hearing, Godley pleaded true to allegations 1, 2, 3, and 10, but denied the remaining six alleged violations. The State then presented two witnesses. The first was Godley's probation officer. The probation officer testified that Godley failed to perform community service, failed to pay for

_____

[1] The facts recited herein are taken from the testimony and exhibits admitted at the adjudication hearing and the sentencing hearing.

[2] The State subsequently withdrew allegation 7 because Godley's conditions of community supervision stated that he could not be within 1,000 feet of a school, rather than 1,000 yards.

urinalysis testing, violated curfew on several occasions, failed to participate in the sex offender therapy program, and admitted to staying in a home with two seventeen-year-old children. The State then called an officer with the San Angelo Police Department, who testified that Godley failed to notify law enforcement of his change of address. The officer testified that Godley was homeless, but that other homeless individuals on community supervision still informed the police department of their whereabouts.

Godley then presented two witnesses in his defense. The witnesses were the mothers of children whom Godley was alleged to have had contact with. Both witnesses stated that Godley had not interacted with their children since being placed on community supervision. The State did not cross-examine either witness.

After the conclusion of evidence, the trial court entered a finding that Godley had violated the terms of his community supervision as set forth in allegations 1–5, 9, and 10. The court granted the State's motion to adjudicate guilt, proceeded to find Godley guilty of sexual assault of a child, and sentenced him to fifteen years' imprisonment. This appeal followed.

**DISCUSSION**

Violation of a single condition of community supervision is a sufficient ground to support revocation of community supervision. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). The State must prove that a defendant violated a condition of his community supervision by a preponderance of the evidence. *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006). A trial court's order revoking community supervision is reviewed for an abuse of discretion. *Id.* at 763. However, the Texas Court of Criminal Appeals has made it clear that a defendant's "plea of

3

true, standing alone[,] is sufficient to support the revocation of" community supervision. *Moses*, 590 S.W.2d at 470; *see also Atchison v. State*, 124 S.W.3d 755, 758 n.4 (Tex. App.—Austin 2003, pet. ref'd). Thus, if a defendant pleads true to violating any condition of his community supervision, he cannot claim that the evidence is insufficient to support revocation. *Mitchel v. State*, 482 S.W.2d 221, 222–23 (Tex. Crim. App. 1972); *Harris v. State*, 160 S.W.3d 621, 626 (Tex. App.—Waco 2005, pet. dism'd); *Atchison*, 124 S.W.3d at 758 n.4.

Godley acknowledges that he pleaded true to violating conditions of his deferred adjudication community supervision, and he does not claim that his plea was involuntary. Nor does he claim that the evidence is insufficient to support the trial court's finding that he violated his community supervision.[3] Rather, Godley argues that "[a]s a result of [his] plea [of true] and the current state of the law regarding community supervision, [he] is denied due process . . . both at his hearing before the trial court and in this appeal, because his plea is not subject to a sufficiency of the evidence review regardless of the validity of his plea or the evidence adduced to support the plea."

We take Godley's argument to mean that controlling precedent from the court of criminal appeals—which clearly states that a plea of true, standing alone, is sufficient to revoke community supervision—deprives him of due process. *See* U.S. Const. amend. XIV § 1;[4] *see also*

---

[3] A defendant may challenge the sufficiency of the evidence to support revocation of community supervision for the first time on appeal. *See, e.g.*, *Rickels v. State*, 202 S.W.3d 759, 763–74 (Tex. Crim. App. 2006).

[4] Godley also alleges that this is a violation of his right to "due course of law" under Article I, section 13 of the Texas Constitution. However, he does not assert that the Texas Constitution provides any greater protection than the Due Process Clause of the United States Constitution, and thus we will assume that the federal and state constitutions provide the same protection. *See Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (holding that defendant must preserve claim that due course of law provides greater protection than Due Process Clause).

4

*Moses*, 590 S.W.2d at 470. Godley claims that he is entitled to the same procedural protections at the trial court level as defendants pleading guilty to felony charges. In the felony trial context, the State must "introduce evidence into the record showing the guilt of the defendant" even when the defendant pleads guilty. Tex. Code Crim. Proc. Ann. art. 1.15 (West 2005); *see also Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009) (explaining that code of criminal procedure, not Due Process Clause, requires "sufficient evidence" of guilt beyond defendant's guilty plea). Therefore, Godley argues that his due process rights are being violated at the trial level because the State was not required to present evidence beyond his plea of true, in other words to "prove-up" his violations of community supervision.

### Preservation of error

We conclude that Godley's due process complaint is not properly preserved for appeal.[5] Generally, "as a prerequisite to presenting a complaint for appellate review," an appellant must make a timely request, objection, or motion at the trial court level. *See* Tex. R. App. P. 31.1; *Hull v. State*, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002). The purpose of this requirement is to give the trial court and the State an opportunity to correct a mistake early in the proceeding. *Hull*, 67 S.W.3d at 217. This requirement applies even when the issue on appeal alleges a deprivation of due process. *See Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (holding that due course of law claim not preserved at trial level); *see also Hull*, 67 S.W.3d at 217. "Error

---

[5] "Preservation of error is a systemic requirement on appeal." *Ford v. State*, 305 S.W.3d 530, 532–533 (Tex. Crim. App. 2009). Therefore, even though neither party addressed this issue in their briefs before this court, we shall "review preservation of error on [our] own motion." *Id.*

preservation does not require a hyper-technical or formalistic use of words or phrases," it merely requires that a movant make the trial court aware of the nature of the complaint. *Pena*, 285 S.W.2d at 464.

While Godley asserts that his due process rights are being violated at both the trial court and appellate levels, his essential claim is that the State should be required to prove-up his alleged violations at the adjudication hearing. Godley did not preserve this due process claim for appeal. At no point during the adjudication hearing did Godley assert that the State had to prove-up his alleged violations of community supervision. Furthermore, Godley never argued that the evidence adduced at the hearing was insufficient to prove that he violated his community supervision. In fact, Godley never raised any alleged deprivation of his due process rights prior to this appeal. Thus, we conclude that this issue was not properly preserved, and it is therefore waived. *See id.*; *Hull*, 67 S.W.3d at 217.

### Analysis of due process claim

Even if Godley did preserve this issue for appeal, we would nevertheless conclude that his claim fails on the merits. Community supervision is a privilege, not a right. *Flores v. State*, 904 S.W.2d 129, 130 (Tex. Crim. App. 1995). When a trial court grants community supervision, it effectively extends clemency to a defendant on the condition that the defendant abide by the rules and requirements of the supervision. *Speth v. State*, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999) (citations omitted). Nonetheless, revocation of community supervision results in a loss of liberty, and therefore a probationer is entitled to certain due process protections prior to revocation.

6

*See Jones v. Johnson*, 230 F.3d 825, 827 (5th Cir. 2000) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973)).

However, Godley provides no support for his claim that he has been denied due process. First, his argument fails to recognize the distinction between the legal standards involved in a criminal trial and those in a hearing to revoke community supervision. *See Bradley v. State*, 608 S.W.2d 652, 656 (Tex. Crim. App. 1980) ("A probation revocation hearing is simply not a criminal prosecution"). Specifically, Godley ignores the fact that the State only has to prove a violation of community supervision by a preponderance of the evidence rather than by proof beyond a reasonable doubt. *See id.* He fails to explain how a probationer's plea of true, standing alone, could ever be insufficient to prove a violation of community supervision by a preponderance of the evidence. *See Moses*, 590 S.W.2d at 470. Second, Godley provides no precedent to support his claim that due process requires that we extend a statutory protection created for defendants who plead guilty to felonies to probationers who admit to violating their community supervision. *See Menefee*, 287 S.W.3d at 13 (noting that requirement of proof after guilty plea is statutory, not constitutional). We decline to find that the Due Process Clause affords greater protection for probationers facing revocation than it does for defendants pleading guilty to felony charges.

In addition, even if we accepted Godley's argument as true, we are nonetheless bound by controlling precedent. *See Moses*, 590 S.W.2d at 470. The court of criminal appeals has held that a plea of true is itself sufficient to support revocation of community supervision. *Moses*, 590 S.W.2d at 470; *Mitchell*, 482 S.W.2d at 222–23. We are obliged to conform our opinions to those of the court of criminal appeals. *State v. DeLay*, 208 S.W.3d 603, 607 (Tex. App.—Austin

7

2006) ("As an intermediate court, we lack the authority to overturn the court of criminal appeals."), *aff'd sub nom. State v. Colyandro*, 233 S.W.3d 870 (Tex. Crim. App. 2007). Thus, even if this issue had been properly preserved, we would conclude that a defendant who pleads true to violating conditions of community supervision cannot claim that there is insufficient evidence to revoke deferred adjudication. Therefore, Godley's sole issue on appeal is overruled.

## CONCLUSION

We affirm the judgment of the trial court.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Affirmed

Filed: May 11, 2012

Do Not Publish

8