**Opinion filed July 31, 2014**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-12-00217-CR & 11-12-00218-CR

_____

## JOHNNY DWIGHT HOUSTON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause Nos. 17097B & 17098B**

### M E M O R A N D U M   O P I N I O N

Appellant, Johnny Dwight Houston, appeals the trial court's judgments revoking his community supervision on two convictions for injury to a child. *See* TEX. PENAL CODE ANN. § 22.04(f) (West Supp. 2013). In three issues in each appeal, he argues that (1) his due process rights have been violated by his inability to challenge the sufficiency of the evidence supporting the revocation of his community supervision, (2) the evidence was insufficient to prove that he absconded from a substance abuse felony punishment facility (SAFPF), as the

State alleged in its motion to revoke, and (3) the trial court erred when it ordered him to pay the fees of his court-appointed attorney. We affirm.

*Background Facts*

Pursuant to a plea agreement, Appellant originally pleaded guilty to the offenses of injury to a child in trial court cause numbers 17097B and 17098B. For each conviction, the trial court sentenced Appellant to confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of ten years but then probated those sentences in order to place Appellant on community supervision for a term of ten years.

On April 25, 2012, the State filed a motion to revoke Appellant's community supervision in each cause. The motions alleged that Appellant violated the terms and conditions of his community supervision in each case in at least sixteen different ways.[1]

At the hearing held on the motions to revoke, Appellant pleaded true to all of the State's allegations except for the allegation that he absconded from the SAFPF on the night of March 1, 2012. The State presented evidence only on the allegation that Appellant absconded from the SAFPF. The State relied on Appellant's plea of true with respect to the remaining allegations.

At the conclusion of the hearing, the trial court found all of the State's allegations to be true. The trial court revoked Appellant's community supervision in both causes and ordered him to serve his original sentence of ten years confinement for each of his two convictions for injury to a child. The trial court ordered the sentences to run concurrently.

---

[1]These allegations included claims that Appellant used prohibited substances, failed to report to his supervision officer, failed to update his place of employment, failed to abide by his curfew, failed to avoid persons and places of disreputable character, failed to complete required community service, and failed to pay court costs and other fees.

*Analysis*

In his first issue, Appellant argues that his due process rights were violated because the State was not required to present evidence beyond his plea of true to prove that he violated the terms of his community supervision. He contends that the statutory protections offered by Article 1.15 of the Texas Code of Criminal Procedure should be extended to revocation proceedings based on the similarity those proceedings have to criminal trials where a defendant pleads guilty. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005); *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009) ("No trial court is authorized to render a conviction in a felony case, consistent with Article 1.15, based upon a plea of guilty 'without sufficient evidence to support the same.'").

The Texas Court of Criminal Appeals has made it clear that the violation of a single condition of community supervision is a sufficient ground to support revocation of community supervision. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). Furthermore, a defendant's plea of true, standing alone, is sufficient to support the revocation of community supervision. *Id.* Thus, if a defendant pleads true to violating any condition of his community supervision, he cannot claim that the evidence is insufficient to support revocation. *Mitchell v. State*, 482 S.W.2d 221, 222–23 (Tex. Crim. App. 1972); *Harris v. State*, 160 S.W.3d 621, 626 (Tex. App.—Waco 2005, pet. struck). Consequently, Appellant is challenging the holdings of the Court of Criminal Appeals that a plea of true, standing alone, is sufficient to support the revocation of community supervision.

We previously addressed the issue raised by Appellant in *Johnson v. State*, No. 11-11-00004-CR, 2012 WL 3891621, at *2 (Tex. App.—Eastland Sept. 6, 2012, pet. ref'd) (mem. op., not designated for publication). We held in *Johnson* that the failure to present this due process contention in the trial court results in a waiver of the error on appeal. *See* TEX. R. APP. P. 33.1(a) (stating that, as a

prerequisite to presenting a complaint for appellate review, a timely request, objection, or motion must be made and ruled upon by the trial court); *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (finding that a due process complaint can be waived on appeal). Accordingly, Appellant waived his due process issue by failing to raise it in the trial court.

Moreover, our conclusion in *Johnson* demonstrates that Appellant's due process complaint fails on the merits as well. Citing the opinion of our sister court in *Godley v. State*, No. 03-11-00083-CR, 2012 WL 1660613 (Tex. App.—Austin May 11, 2012, pet. ref'd) (mem. op., not designated for publication), we rejected the same argument that Appellant makes here. As it did in *Johnson* and *Godley*, binding precedent controls our decision in this case. Accordingly, a defendant who pleads true to violating conditions of community supervision cannot later claim that there is insufficient evidence to revoke that supervision. We overrule Appellant's first issue in each appeal.

In his second issue, Appellant argues that the trial court abused its discretion when it revoked his community supervision on the ground that he absconded from his SAFPF because the evidence was insufficient to support the allegation. A trial court's decision to revoke community supervision is reviewed for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State has the burden of showing by a preponderance of the evidence that the defendant committed a violation of the conditions of his community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984). The trial court is the sole judge of the credibility of the witnesses and the weight given to their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex.

4

Crim. App. [Panel Op.] 1981). Proof of one violation of the terms of community supervision is sufficient to support revocation. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980). A defendant's true plea provides the court with sufficient evidence to revoke his community supervision. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).

In light of Appellant's plea of true to fifteen other alleged violations of the terms and conditions of community supervision, we need not consider Appellant's evidentiary contentions to a single alleged violation. When a trial court finds several violations of community supervision conditions, we affirm the revocation order if the proof of any single allegation is sufficient. *See Hart v. State*, 264 S.W.3d 364, 367 (Tex. App.—Eastland 2008, pet. ref'd). The trial court did not abuse its discretion in revoking Appellant's community supervision because it had numerous other violations on which it could have based its decision. We overrule Appellant's second issue in each appeal.

In his third issue, Appellant claims that a portion of the judgments in cause numbers 17097B and 17098B should be vacated because they incorrectly assessed the fees of his court-appointed attorney against him. The State does not dispute Appellant's indigent status but argues that the final judgments do not require Appellant to pay attorney's fees. The State concedes that, if the evidence establishes that the judgments require Appellant to pay attorney's fees, the fees should be deleted from the judgments.

The trial court's original judgments placing Appellant on community supervision required Appellant to pay several fees as a term and condition of his community supervision, including the fees for his court-appointed attorney. The judgments did not set out a dollar amount owed for the attorney's fees, but the judgments contained a notation indicating that the amount was to be determined later. The trial court later established the amount of the attorney's fees to be paid

by Appellant in subsequent orders amending conditions of community supervision.[2]

The trial court's subsequent judgments revoking Appellant's community supervision did not specifically require Appellant to pay the assessed costs for attorney's fees. However, they do provide that he is to be punished "in accordance with the judgment and sentence originally entered in this cause." As noted previously, the original judgments required Appellant to pay attorney's fees. Accordingly, the judgments revoking Appellant's community supervision seemingly require him to pay the fees of his court-appointed attorney.

Under the authority of *Wiley v. State*, 410 S.W.3d 313, 318–19 (Tex. Crim. App. 2013), we conclude that Appellant has not preserved this issue for appellate review. The Court of Criminal Appeals recently held in *Wiley* that a defendant, whose community supervision had been revoked, forfeited his challenge to the imposition of court-appointed attorney's fees by failing to bring such a claim in a direct appeal from the order originally imposing community supervision. As noted by the court, "[A]n appellant will not be permitted to raise on appeal from the revocation of his community supervision any claim that he could have brought on an appeal from the original imposition of that community supervision." *Wiley*, 410 S.W.3d at 319. As was the case in *Wiley*, the orders imposing the payment of attorney's fees were the original judgments placing Appellant on community supervision. Under *Wiley*, Appellant was required to timely appeal these judgments in order to challenge the assessment of court-appointed attorney's fees.[3]

---

[2] In its motions to revoke Appellant's community supervision, the State listed Appellant's failure to pay the attorney's fees as one of the allegations against him. Appellant pleaded true to this allegation, and the trial court implicitly found it to be true.

[3] We note that Appellant is challenging the imposition of *any* attorney's fees against him rather than the amount of attorney's fees assessed him. Accordingly, he potentially could have raised this claim in a direct appeal of the judgments imposing community supervision.

The fact that Appellant specifically waived his right to appeal the judgments imposing community supervision does not change the result. *Perez v. State*, 424 S.W.3d 81, 85–86 (Tex. Crim. App. 2014) ("Appellant's waiver of his right to appeal does not excuse his failure to appeal the assessment of court costs at the time of the original imposition of community supervision."). Because Appellant did not challenge the assessment of attorney's fees by a direct appeal from the original judgments imposing community supervision, he has waived the issue. We overrule Appellant's third issue in each appeal.

*This Court's Ruling*

We affirm the judgments of the trial court.


JOHN M. BAILEY

JUSTICE


July 31, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.