

# In The

# Court of Appeals

# Seventh District of Texas at Amarillo

_____

No. 07-14-00284-CR

_____

GREGORY ODELL TUCKER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 54th District Court
McLennan County, Texas
Trial Court No. 2012-465-C2; Honorable George Allen, Presiding

December 16, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

In March 2013, in exchange for a guilty plea, Appellant, Gregory Odell Tucker, was convicted of unlawful use of food stamp benefits valued at more than $200[1] and sentenced to six years confinement and a $1,000 fine. The sentence was suspended in favor of six years community supervision in addition to payment of the fine and payment

---

[1] TEX. HUM. RES. CODE ANN. § 33.011(a) (West 2013). The offense is a third degree felony. *Id.* at (b).

of $1,194.61 in restitution. The conditions of community supervision were modified in October 2013 to include commitment to a residential treatment center and other conditions. In March 2014, the State moved to revoke Appellant's community supervision alleging twenty-seven violations thereof. At a brief hearing on the State's motion,[2] Appellant entered pleas of true to nineteen of the allegations and the trial court revoked his community supervision and assessed the original six-year sentence. In presenting this appeal, counsel has filed an *Anders*[3] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, the record reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to review the record and file a *pro se* response if he desired to do so,[4] and (3) informing him of his right to file a *pro se* petition for

---

[2] The State did not present any evidence. However, sufficiency of the evidence to revoke community supervision cannot be challenged in the face of a plea of true. *Mitchell v. State*, 482 S.W.2d 221, 222-23 (Tex. Crim. App. 1972); *Rivera v. State*, 688 S.W. 2d 659, 660 (Tex. App.—Corpus Christi 1985, no pet.).

[3]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[4] This Court is aware of the decision in *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014).

discretionary review.  *In re Schulman*, 252 S.W.3d at 408.[5]  By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined.  *Id.* at 409 n.23.  Appellant did not file a response.  Neither did the State favor us with a brief.

By the *Anders* brief, counsel represents he has found no arguable issues to present to this Court.  "While arguable grounds of error should be advanced by counsel for an indigent appellant . . . *Anders* should not be interpreted as requiring appointed counsel to make arguments he would not consider worthy of inclusion in a brief for a paying client or to urge reversal if in fact he can find no merit in the appeal."  *See Currie v. State*, 516 S.W.2d 684 (Tex. 1974).

### STANDARD OF REVIEW

When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this Court is whether the trial court abused its discretion.  *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983).  In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion.  *Cobb v. State*, 851

---

[5] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408 n.22 & 411 n.35.  The duty to send the client a copy of the court of appeals's decision is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw.  *Id.* at 411 n.33.

S.W.2d 871, 874 (Tex. Crim. App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). Additionally, a plea of true standing alone is sufficient to support a trial court's revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

Accordingly, the trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.

4