ACCEPTED
06-14-00196-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
2/2/2015 2:02:24 PM
DEBBIE AUTREY
CLERK

06-14--00197-CR,
06-14-00198-CR

# NO. 06-14-00196-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

2/5/2015 2:28:00 PM

DEBBIE AUTREY
Clerk

### IN THE
### COURT OF APPEALS
### FOR THE SIXTH DISTRICT
### TEXARKANA, TEXAS

_____

## RANDY JAY HOFSTETTER
### Appellant

## v.

## THE STATE OF TEXAS,
### Appellee

_____

## ON APPEAL IN CAUSE NUMBERS 0719507, 0719508, & 0717509
## FROM THE 8TH JUDICIAL DISTRICT COURT
## OF HOPKINS COUNTY, TEXAS
## BEFORE THE HONORABLE EDDIE NORTHCUTT, JUDGE

---

## BRIEF OF COUNSEL
## IN SUPPORT OF THE MOTION TO WITHDRAW

---

**RACHEL FLATT**
**State Bar No. 24078504**
**P.O. Box 5**
**Sulphur Springs, Texas 75483**
**Telephone: (903) 885-7118**
**Facsimile: (903) 885-7133**
**E-mail: law.office.of.rachel.flatt@gmail.com**

**ATTORNEY FOR APPELLANT**

## IDENTITY OF PARTIES AND COUNSEL

Because this case is an appeal from a criminal conviction, the only parties are:

(1)     the Appellant, Randy Jay Hofstetter, by and through his attorney of record on appeal, Rachel Flatt, P.O. Box 5, Sulphur Springs, Texas 75483; through his trial attorney, Roland Ferguson, 1804 Woodbridge Drive, Sulphur Springs, Texas 75482; and

(2)     the State of Texas, by and through Will Ramsay, Criminal District Attorney of Hopkins County, 110 Main Street, Sulphur Springs, Texas 75482.

The sentencing hearing was conducted before the Honorable Eddie Northcutt, Judge Presiding.

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ............................................................ i

INDEX OF AUTHORITIES ............................................................................ iii

STATEMENT TO THE COURT ....................................................................... 2

STATEMENT OF THE CASE ......................................................................... 2

ISSUE PRESENTED ..................................................................................... 4

STATEMENT OF FACTS .............................................................................. 5

SUMMARY OF THE ARGUMENT ................................................................. 6

ARGUMENT AND ANALYSIS ...................................................................... 6

CONCLUSION ........................................................................................... 16

CERTIFICATE OF SERVICE ....................................................................... 17

LETTER TO APPELLANT ........................................................................... 18

# INDEX OF AUTHORITIES

## CASES:

Anders v. California
    386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) ................................ 2

Blanco v. State
    771 S.W.2d 598 (Tex. App. – Corpus Christi 1989, no pet.)...................... 8

Byrom v. State
    528 S.W.2d 224 (Tex. Crim. App. 1975) ...................................................... 9

Cardona v. State
    665 S.W.2d 492 (Tex. Crim App. 1984) ................................................... 15

Carpenter v. State
    783 S.W.2d 232 (Tex. App. – Dallas 1989, no pet.) ................................. 15

Cobb v. State
    851 S.W.2d 871 (Tex. Crim. App. 1993) .................................................. 13

Currie v. State
    516 S.W.2d 684 (Tex. Crim. App. 1974) ..................................................... 2

Dinnery v. State
    592 S.W.2d 343 (Tex. Crim. App. 1979) .................................................... 9

Ex parte Smith
    678 S.W.2d 78 (Tex. Crim. App. 1984) .................................................... 10

Garrett v. State
    619 S.W.2d 172 (Tex. Crim App. [Panel Op.] 1981) ............................... 13

Hall v. State
    935 S.W.2d 852 (Tex. App. – San Antonio 1996, no pet.) ........................ 9

Harris v. State
    160 S.W.3d 621 (Tex. App. – Waco 2005, pet. struck) ............................ 13

## INDEX OF AUTHORITIES
## (Continued)

Hart v. State
    264 S.W.3d 364 (Tex. App. – Eastland 2008, pet. ref'd) .......................... 14

Henry v. State
    948 S.W.2d 338 (Tex. App. – Dallas 1997, no pet.) ................................ 16

High v. State
    573 S.W.2d 807 (Tex. Crim. App. 1978) ...................................................... 2

In re T.R.S.
    115 S.W.3d 318 (Tex. App. – Texarkana 2003, no pet.)...................... 13-15

Jeffery v. State
    903 S.W.2d 776 (Tex. App. – Dallas 1995, no pet.) ................................... 2

Kirk v. State
    949 S.W.2d 769 (Tex. App. – Dallas 1997, pet. ref'd) ............................. 15

Liggins v. State
    979 S.W.2d 56 (Tex. App. – Waco 1998, pet. ref'd) ............................... 10

Marin v. State
    851 S.W.25 275 (Tex. Crim. App. 1993) ...................................................... 7

Marquez v. State
    921 S.W.2d 217 (Tex. Crim. App. 1996) ...................................................... 7

Martinez v. State
    981 S.W.2d 195 (Tex. Crim. App. 1998) ...................................................... 9

Mitchell v. State
    482 S.W.2d 221 (Tex. Crim. App. 1972) .................................................... 13

Moses v. State
    590 S.W.2d 469 (Tex. Crim. App. 1979) .................................................... 13

## INDEX OF AUTHORITIES
### (Continued)

Richards v. State
    562 S.W.2d 456 (Tex. Crim. App. 1977) (on rehearing) ........................... 10

Sanchez v. State
    603 S.W.2d 869 (Tex. Crim. App. 1980) ...................................... 14

Scamardo v. State,
    517 S.W.2d 293 (Tex. Crim. App. 1974) ...................................... 16

Smith v. State
    286 S.W.3d 333 (Tex. Crim. App. 2009) ...................................... 14

State v. Jimenez
    987 S.W.2d 886 (Tex. Crim. App. 1999) ...................................... 9

## TEXAS CODE OF CRIMINAL PROCEDURE:

TEX. CODE CRIM. PROC. art. 1.051(e) ..................................................... 11

TEX. CODE CRIM. PROC. art. 1.13-1.15 .................................................. 7

TEX. CODE CRIM. PROC. art. 26.13 ................................................... 8-10

TEX. CODE CRIM. PROC. art. 38.21 ..................................................... 12

TEX. CODE CRIM. PROC. art. 42.12 .................................................. 13, 15

## TEXAS CONSTITUTION

TEX. CONST. art. 1, § 15 ..................................................................... 7

## TEXAS PENAL CODE

TEX. PEN. CODE § 12.32 ................................................................. 9, 15

## INDEX OF AUTHORITIES
**(Continued)**

TEX. PEN. CODE § 22.021 ............................................................................ 2, 6

## TEXAS RULES OF APPELLATE PROCEDURE

TEX. R. APP. P. 9.2(a)(1) ............................................................................ 4

TEX. R. APP. P. 21.4(a) ............................................................................ 4

TEX. R. APP. P. 21.8(c) ............................................................................ 4

TEX. R. APP. P. 22.3 ............................................................................ 4

TEX. R. APP. P. 22.4(b) ............................................................................ 4

TEX. R. APP. P. 26.2(a)(2) ............................................................................ 4

## UNITED STATES CONSTITUTION

U.S. CONST. amend. VI ............................................................................ 7

# NO. <u>06-14-00196-CR</u>

**IN THE
COURT OF APPEALS
FOR THE SIXTH DISTRICT
TEXARKANA, TEXAS**

———————————

*RANDY JAY HOFSTETTER*
**Appellant**

**v.**

*THE STATE OF TEXAS,*
**Appellee**

———————————

**TO THE HONORABLE COURT OF APPEALS:**

The undersigned attorney respectfully submits this brief in support of the motion to withdraw in the above-styled and numbered cause. This is an appeal of a judgment of conviction by court for three counts of the offense of aggravated sexual assault of a child, a first degree felony, in the 8th Judicial District Court of Hopkins County, Texas, the Honorable Eddie Northcutt, Presiding Judge.

1

## STATEMENT TO THE COURT

The undersigned attorney has reviewed the record in this case and is of the opinion that no arguable points of error or issues are present. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jeffery v. State*, 903 S.W.2d 776, 779 (Tex. App. – Dallas 1995, no pet.). In compliance with *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), the undersigned attorney has examined the clerk's record and the applicable case law. No oral argument is requested.

## STATEMENT OF THE CASE

In Cause Numbers 0719507, 0719508 & 0719509 (Hopkins County), Appellant was charged by indictment on September 20, 2007, for the offense of aggravated sexual assault of a child. (CR: 7). *See current* TEX. PEN. CODE § 22.021. The offenses were alleged to have occurred on or about January 10, 2007. (CR: 7).

On September 11, 2009, in the 8th Judicial District Court of Hopkins County, Texas, the Honorable Robert Newsom, presiding, Appellant accepted a plea bargain and pleaded guilty aggravated sexual assault of a child, a first degree felony in each of the three cases. (CR: 82-88). On that date, the trial court accepted the Appellant's plea of guilty in each case and placed the Appellant on deferred adjudication community supervision for a period of ten years. (CR: 82-

2

88). Appellant waived a jury in both phases of the trial. (CR: 86). The prosecuting attorney was Martin Braddy, Criminal District Attorney for Hopkins County, Texas. Appellant's trial counsel was Gene Stump.

On January 14, 2014, Community Supervision Officer Cody Elliott, filed a Report of Community Supervision Violation in Cause Number 0719507. (CR: 97). On July 8, 2014, Peter Morgan, an Assistant Criminal District Attorney for Hopkins County, Texas filed a Motion to Proceed with Adjudication of Guilt in each of the three cases. (CR: 99).

On July 23, 2014, Appellant applied to have an attorney appointed to represent him in each of the three causes. (CR: 103). That same day, the Honorable Eddie Northcutt appointed attorney Roland Ferguson as counsel for Appellant. (CR: 103).

Seven days later, on July 30, 2014, Appellant plead true to violating the conditions of his community supervision in each of the three cases. (CR: 106). The Court found as a fact that Appellant was fully competent and that his plea was entered freely and voluntarily. (CR: 106).

On August 27, 2014 the sentencing hearing was held. (RR3: 1). On that date, the trial court assessed Appellant's punishment at confinement for forty (40) years in the Institutional Division of the Texas Department of Criminal Justice in each of the three cases and ordered the punishment for each of the three cases to

3

run concurrently with one another. (RR3: 53). The prosecuting attorney at the sentencing hearing was Peter Morgan, an Assistant Criminal District Attorney for Hopkins County, Texas. Appellant's counsel at the sentencing hearing was Roland Ferguson.

Appellant timely filed a Motion for New Trial and Motion in Arrest of Judgment by executing and filing it on September 23, 2014 with the proper clerk within thirty (30) days after the day the sentence was imposed. (CR: 116-117). TEX. R. APP. P. 9.2(a)(1); TEX. R. APP. P. 21.4(a); TEX. R. APP. P. 22.3. The trial court failed to rule on the Motion For New Trial and Motion in Arrest of Judgment by letting 75 days pass deeming the motions denied. TEX. R. APP. P. 21.8(c); TEX. R. APP. P. 22.4(b). Appellant timely filed a written notice of appeal by executing and filing it on November 10, 2014 with the proper clerk within thirty (30) days after the day the sentence was imposed. (CR: 121). TEX. R. APP. P. 9.2(a)(1); TEX. R. APP. P. 26.2(a)(2).

## ISSUE PRESENTED

As previously stated, the undersigned attorney is of the opinion that no arguable points of error or issues are presented in this case. The 8th Judicial District Court imposed Appellant's sentence lawfully, and the proceedings show no non-frivolous issues.

4

## STATEMENT OF FACTS

As previously stated, on September 11, 2009, Appellant pleaded guilty to the trial court to the offense of aggravated sexual assault of a child in each of the three cases in exchange for the agreed upon sentence recommendation of ten (10) years deferred adjudication community supervision. (CR: 82-88). On that date, the trial court accepted Appellant's plea of guilty in each of the three cases, followed the agreed upon sentence recommendation, and placed Appellant on deferred adjudication community supervision for a period of ten (10) years. (CR: 82-88). On January 14, 2014, Community Supervision Officer Cody Elliott, filed a Report of Community Supervision Violation in Cause Number 0719507. (CR: 97). On July 8, 2014, Peter Morgan, an Assistant Criminal District Attorney for Hopkins County, Texas filed a Motion to Proceed with Adjudication of Guilt in each of the three cases. (CR: 99).

On July 30, 2014, Appellant plead true to violating the conditions of his community supervision in each of the three cases. (CR: 106). The Court found as a fact that Appellant was fully competent and that his plea was entered freely and voluntarily. (CR: 106). On August 27, 2014 the sentencing hearing was held. (RR3: 1). On that date after hearing all of the evidence presented, the trial court assessed Appellant's punishment at confinement for forty (40) years in the Institutional Division of the Texas Department of Criminal Justice in each of the

5

three cases and ordered the punishment for each of the three cases to run concurrently with one another. (RR3: 53).

## SUMMARY OF THE ARGUMENT

Because there are no arguable points of error or issues, no summary of the argument can be presented.

## ARGUMENT AND ANALYSIS

As previously stated, the undersigned attorney has reviewed the clerk's record in all three cases and the reporter's record in this case and is of the opinion that no arguable points of error or issues are present. Nevertheless, in the interest of thoroughly examining the record, counsel will review the documents in the underlying case. In this respect, the undersigned attorney would note the following:

The indictment for aggravated sexual assault of a child tracks the language of the statute. (CR: 7). TEX. PEN. CODE § 22.021. Such offense was a first degree felony at the time it was alleged to have been committed. TEX. PEN. CODE § 22.021(e). (CR: 7). Each of the three cases used the same indictment. (CR: 7).

This record contains two pre-trial motions filed by Appellant, a Motion to Reinstate Bond on January 3, 2008 and a Motion for a Speedy Trial filed on August 3, 2009. (CR: 24, 52). The Motion to Reinstate Bond was granted on January 9, 2008, and the bond was reinstated on that date. (CR: 29). The Motion

6

for Speedy Trial was granted by the trial court on August 26, 2009 by setting all three cases for jury selection on September 3, 2009. (CR: 60). On September 3, 2009 a jury was selected to hear all three cases. (CR: 69-81).

On September 11, 2009, an agreement was reached between the parties whereby Appellant entered a plea of guilty to the indictment in each of the three cases in exchange for an agreed upon sentence recommendation of ten (10) years deferred adjudicated community supervision and a three thousand dollar ($3,000) fine. (CR: 82-88). The plea hearing was conducted on that date. (CR: 82-88).

Both the United States Constitution and the Texas Constitution protect a defendant's right to a trial by jury. U.S. CONST. amend. VI; TEX. CONST. art. 1, § 15. A defendant has a right to waive his right to a trial by jury. *Marin v. State*, 851 S.W.25 275, 280 (Tex. Crim. App. 1993); *Marquez v. State*, 921 S.W.2d 217, 224 (Tex. Crim. App. 1996). However, because of the fundamental and inviolate nature of the right to trial by jury, Texas law requires a defendant's waiver of a jury trial to be made in person in writing in open court with the consent and approval of the court and the attorney representing the State. *Id.* at 220; TEX. CODE CRIM. PROC. art. 1.13 – 1.15. During the plea hearing where Appellant appeared in court in person, Appellant waived in writing his right to a trial by jury. (CR: 85-86). Both the trial court and the attorney for the State approved of

7

Appellant's waiver as evidenced by their signatures on the written plea admonishments containing the waiver. (CR: 87).

The Texas Code of Criminal Procedure mandates that certain "admonishments" must be given to a criminal defendant prior to accepting a plea of guilty or a plea of nolo contendere. *See generally* TEX. CODE CRIM. PROC. art. 26.13. These admonishments include: the range of punishment for the offense; the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court; the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial; and the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law. TEX. CODE CRIM. PROC. art. 26.13. (a)(1)-(4). The court may make the admonishments required by this article either orally or in writing. *Blanco v. State*, 771 S.W.2d 598, 599 (Tex. App. – Corpus Christi 1989, no pet.). TEX. CODE CRIM. PROC. art. 26.13(d). Appellant was admonished in writing as to each of these. (CR: 82, 84-85). The language of the written admonishments regarding the range of punishment for a first degree felony

offense and other consequences of such guilty plea tracked the language in TEX. PEN. CODE § 12.32(a) and (b). (CR: 82). *See generally* TEX. CODE CRIM. PROC. art. 26.13. If the court makes the admonitions in writing, it must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of the plea. TEX. CODE CRIM. PROC. art. 26.13(d). (CR: 85-86). A finding that a defendant is duly admonished creates a prima facie showing that a guilty plea was entered knowingly and voluntarily. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). Also, in *State v. Jimenez*, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999), the Court said:

> Generally, a guilty plea is consider voluntary if the defendant was made fully aware of the direct consequences. It will not be rendered involuntary by lack of knowledge as to some collateral consequence.

In a felony case, a defendant must appear in open court in person to make a plea of guilty. *Hall v. State*, 935 S.W.2d 852, 856 (Tex. App. – San Antonio 1996, no pet.). Appellant appeared in open court in person when he entered a plea of guilty to the offense of aggravated sexual assault of a child in each case. (CR: 85-86). Appellant's judicial confession was admitted into evidence. (CR: 86-87). A judicial confession is sufficient to support the conviction. *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979) (on rehearing); *Byrom v. State*, 528 S.W.2d 224, 226 (Tex. Crim. App. 1975).

9

Before accepting a defendant's guilty plea, a trial court must satisfy itself that the accused understands "the consequences of his plea." *Liggins v. State*, 979 S.W.2d 56, 67 (Tex. App. – Waco 1998, pet. ref'd); *See generally* TEX. CODE CRIM. PROC. art. 26.13. All that is required of a trial court is substantial compliance with the requirements of article 26.13. *Ex parte Smith*, 678 S.W.2d 78, 79 (Tex. Crim. App. 1984). A trial judge is not required to ask any certain questions nor follow any formula to substantially comply with article 26.13. *Richards v. State*, 562 S.W.2d 456, 458 (Tex. Crim. App. 1977) (on rehearing). The trial court found that the Appellant's plea was made freely, knowingly and voluntarily and as such should be admitted into evidence; accordingly the trial court held there to be sufficient evidence to find Appellant guilty based on Appellant's signed judicial confession but deferred making the finding of guilt and followed the plea agreement. (CR: 87-88). As a result, Appellant was placed on deferred adjudication community supervision for a period of ten (10) years and ordered to abide by all of the terms and conditions set forth in the Deferred Community Supervision Order. (CR: 90-91).

On January 10, 2014, Community Supervision Officer Cody Elliott filed a Report of Community Supervision Violation alleging two (2) conditions of Appellant's Deferred Adjudication Community Supervision Order had been violated by Appellant. (CR: 97.) On July 8, 2014, Assistant Criminal District

10

Attorney for Hopkins County, Texas, Peter Morgan, filed a Motion to Proceed with Adjudication of Guilt alleging Appellant had violated four (4) conditions of Appellant's Deferred Adjudication Community Supervision Order. (CR: 99). On July 23, 2014, Appellant filled out an application for court-appointed counsel in each of the three cases. (CR: 103). On that date, the trial court deemed Appellant indigent and appointed attorney Ron Ferguson to represent Appellant in each of the three cases. (CR: 103).

On July 30, 2014, Appellant and trial counsel made their first court appearance following the filing of the Motion to Proceed. (RR2: 5). At that appearance, Appellant announced his intention to plead true to the allegations contained in the Motion to Proceed and allow the trial court to assess his punishment at a sentencing hearing. (RR2: 5-6). Additionally, trial counsel requested a presentence investigation report be prepared, and the trial court granted that request. (RR2: 5-7). The plea hearing was also conducted on that date. (CR:105-107).

During the plea hearing, defense counsel waived the ten (10) days of preparation time on the record in open court. (RR2: 14-15). TEX. CODE CRIM. PROC. art. 1.051(e). Appellant consented to defense counsel's waiver of the ten (10) days of preparation time on the record in open court. (RR2: 13-14). TEX. CODE CRIM. PROC. art. 1.051(e). A statement made by an accused is valid if it is

11

made freely and voluntarily without compulsion or persuasion. TEX. CODE CRIM. PROC. art. 38.21. Both defense counsel and Appellant agreed on the record in open court that this waiver was made by Appellant freely, voluntarily, knowingly and competently. (RR2: 14-15).

Appellant was then placed under oath by the trial court. (RR2: 15). The State's Motion to Proceed with Adjudication of Guilt alleged Appellant had violated condition D in that Appellant had failed to report less than once per month as directed by his Community Supervision Officer, condition H(1) in that Appellant had failed to pay a community supervision fee of sixty dollars ($60) per month, condition H(2) in that Appellant had failed to pay the assessed fine, court cost, and other fees, and that Appellant had failed to attend and complete sex offender counseling and pay the associated costs. (CR: 99). Appellant plead true to each of the allegations contained in the State's Motion to Proceed with Adjudication of Guilt in each of the three cases. (RR2: 15-16). Appellant then verified on the record that his plea of true was made freely, voluntarily and for no other reason than because it was true. (RR2: 15-16). Accordingly, Appellant's plea of true was also a statement that was properly admitted as it also met the requirements listed in the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. art. 38.21. The Texas Court of Criminal Appeals has made it clear that the violation of a single condition of community supervision is a sufficient ground to

12

support revocation of community supervision. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). Furthermore, a defendant's plea of true, standing alone, is sufficient to support the revocation of community supervision. *Id.* Consequently, if a defendant pleads true to violating any condition of his community supervision, he cannot claim that the evidence is insufficient to support revocation. *Mitchell v. State*, 482 S.W.2d 221, 222-23 (Tex. Crim. App. 1972); *Harris v. State*, 160 S.W.3d 621, 626 (Tex. App. – Waco 2005, pet. struck).

The State has the burden of showing by a preponderance of the evidence that the defendant committed a violation of the conditions of his community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). In order to revoke deferred adjudication community supervision, the State must prove by a preponderance of the evidence every element of at least one ground for revocation. TEX. CODE CRIM. PROC. art. 42.12, § 10; *T.R.S.*, 115 S.W.3d at 320.

The State then offered State's Exhibit Number One (1) in each case. (RR2: 16). The admission of this evidence by the trial court complies with the Texas Rules of Evidence because the plea of true contained in State's Exhibit Number One (1) was a relevant non-hearsay statement. TEX. R. EVID. 401; TEX. R. EVID. 801(e)(2)(A). The trial court is the sole judge of the credibility of the witnesses and the weight given to their testimony, and the evidence is to be reviewed in the light most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172,

13

174 (Tex. Crim App. [Panel Op.] 1981); *See also In re T.R.S.*, 115 S.W.3d 318, 321 (Tex. App. – Texarkana 2003, no pet.).

The record supports that Appellant understood the proceedings against him, understood the potential punishment range for the offenses, understood his rights, and that Appellant wished to waive those rights and plead true to each of the allegations in the State's Motion to Proceed to Adjudication of Guilt. (RR2: 16-17); (CR: 105-107). The trial court found that the decisions Appellant made were made freely, voluntarily, knowingly, and competently and accepted Appellant's plea of true to having violated his community supervision as alleged in the State's Motion to Proceed with Adjudication of Guilt. (RR2: 18). A defendant's plea of true provides the court with sufficient evidence to revoke his community supervision. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Proof of one violation of the terms of community supervision is sufficient to support revocation. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980). When a trial court finds several violations of community supervision conditions, an appellate court will affirm the revocation order if the proof of any single allegation is sufficient. *See Hart v. State*, 264 S.W.3d 364, 367 (Tex. App. – Eastland 2008, pet. ref'd).

After accepting the Appellant's plea on July 30, 2014, trial court set the matter for a hearing to determine sentencing on August 27, 2014. (RR2: 18-19);

14

(CR: 104). On August 27, 2014, the trial court conducted the sentencing hearing. (RR3: 1). After examining the evidence, hearing testimony and arguments of counsel, the trial court found it true Appellant violated his community supervision, granted the State's motion to proceed in each of the three cases, and found Appellant guilty of the offense of aggravated sexual assault of a child in each of the three cases. (RR: 51-53). A court's decision to revoke community supervision and proceed to adjudication is examined in the light most favorable to the trial court's order. *T.R.S.* at 321.

The trial court assessed punishment at forty (40) years in the penitentiary. (RR3: 53); (CR: 112-113). There is no evidence that the punishment was cruel or unusual as it is within the statutory punishment range for the offense. TEX. PEN. CODE § 12.32; *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App. – Dallas 1997, pet. ref'd.); *Carpenter v. State*, 783 S.W.2d 232, 232-33 (Tex. App. – Dallas 1989, no pet.).

Appellate review of an order revoking probation is limited to abuse of the trial court's discretion. TEX. CODE CRIM. PROC. art. 42.12, § 5(b); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim App. 1984). In determining questions regarding sufficiency of the evidence in probation revocation cases, the burden of proof is by a preponderance of evidence. *Cardona* at 493. An order revoking probation must be supported by a preponderance of the evidence; in other words,

15

that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation. *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974).

The undersigned attorney for Appellant respectfully requests that this Court grant the motion to withdraw.

## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED,** the attorney for the Appellant further states that she has caused a copy of the motion to withdraw and this brief of counsel in support of the motion to withdraw to be served on the Appellant, accompanied by a letter informing the Appellant of his right to file a *pro se* response. (See attached copy of such letter.) *See Henry v. State*, 948 S.W.2d 338, 340-41 (Tex. App. – Dallas 1997, no pet.).

Respectfully submitted,

RACHEL FLATT
State Bar No. 24078504
P.O. Box 5
Sulphur Springs, Texas 75483
Telephone: (903) 885-7118
Facsimile: (903) 885-7133
E-mail: law.office.of.rachel.flatt@gmail.com

**ATTORNEY FOR APPELLANT**

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Brief has been mailed, via U.S. Mail, postage pre-paid, to the Appellant, Randy Jay Hofstetter, CID #00751864, C/O Tarrant County Jail, 100 North Lamar, Fort Worth, Texas 76102, and has been hand-delivered to the office of Will Ramsay, Criminal District Attorney for Hopkins County, on the 2nd day of February, 2015.

**RACHEL FLATT**

**Law Office of Rachel Flatt**
614 Oak Avenue • P.O. Box 5
Sulphur Springs, TX 75483
903.885.7118 Office • 903.885.7133 Fax

February 2, 2015

**ATTORNEY-CLIENT MAIL**
Mr. Randy Jay Hofstetter
CID # 0751864
C/O Tarrant County Jail
100 North Lamar
Fort Worth, TX 76102

> RE:   *The State of Texas v. Randy Jay Hofstetter;*
> Cause Nos. 0719507, 0719508, 0719509;
> Appeal Nos. 06-14-00196-CR, 06-14-00197-CR, 06-14-00198-CR

Dear Mr. Hofstetter:

I must regretfully inform you that, after a diligent search of the appellate record in your case and the applicable case law, it is my opinion that no reversible error was committed in your case. Therefore, the law requires that I file a motion to withdraw and a brief in support of that motion.

The law accords you the right to review the record of your case and file any *pro se* response that you deem necessary on your own behalf. This *pro se* response will be submitted to the Court of Appeals along with the brief that I have filed. You have the right to file a *pro se* response before the Court rules on my motion to withdraw. I am enclosing a copy of the complete clerk's record in each case which includes 398 pages along with a complete copy of the reporter's record which includes 91 pages. Please immediately advise the Clerk of the Court if you desire to file a *pro se* response on your own behalf in this case. The address of the Clerk is: Ms. Debra Autrey, Clerk of the Court, Court of Appeals for the Sixth District at Texarkana, Bi-State Justice Building, 100 North State Line Avenue #20, Texarkana, Texas 75501. I will keep you advised as to the status of the appeal.

With best regards,

RACHEL FLATT

/rlf
*Enclosures as stated (2)*

18